IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY LASTER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 5-CV-1875(RMU) |
| DISTRICT OF COLUMBIA, et al., | ) ) ) |
| Defendants. | ) ) |

## **DECLARATION OF LESLIE T. JACKSON**

I, Leslie T. Jackson, a citizen of the United States over the age of eighteen years, declare as follows:

1. I have reviewed the declaration of Judith Smith .

2. I know of no meeting scheduled on September 28, 2005 and I know of no meeting scheduled to discuss A.J.P.'s Stay Put placement.

3. DCPS repeatedly has informed me and my attorney that it would not consider any Stay Put placement for A.J.P.

4. I am aware that, as part of the statutory Dispute Resolution Meeting requirement, I must attend a Dispute Resolution Meeting in order to obtain a due process hearing. I understand that at some point such a meeting, chaired by Ms. Zondra Johnson, will be convened in connection with my Due Process Complaint.

5. Ms. Johnson and I have exchanged telephone messages concerning possible dates for a Dispute Resolution Meeting. I have proposed a meeting date for September 30, 2005. To date, Ms. Johnson has not sent me a notice confirming that meeting date. I have attached a copy of my letter to Ms. Johnson.

1

6. I last met with Ms. Johnson on September 8, 2005, at which point she handed me a letter stating that DCPS would consider no placement for A.J.P., other than the Bernard Autism Progrram.

7. Ms. Johnson is the person who chaired the August 10, 2005 IEP meeting for AJP. It was Ms. Johnson who, acting alone, over my objections---and in my view--- in violation of IDEA and of D.C. law, decided that A.J.P. would be re-classified as "Autistic."

8.. It was Ms. Johnson who, alone, determined on August 10, 2005 that A.J.P. would be placed at the Barnard ES Autism program.

9. Ms. Johnson has represented DCPS in issues concerning A.J.P.'s placement since on or about November 2004. Throughout this process she has acted without regard to our procedural rights under IDEA, and with no apparent concern for his substantive right to a special education and related services that address his individual educational needs.

10. The facts concerning actions taken by Ms. Johnson that violated our rights under IDEA are set forth at paragraphs 11-21, 24-27, 29-30, 34-37 on pages 5-6 of my Due Process Complaint, filed September 8,2005, and attached to my motion as Exhibit W.

11. I have no reason to believe or expect that, at this date, Ms. Johnson or her superiors will now be prepared to consider, in good faith, providing A.J.P. with a Stay Put placement.

12. Over the course of the last school year, I attended a long series of MDT meetings at Stoddert ES, at each of which DCPS stated that it had a series of "appropriate" placements for A.J.P. DCPS was quick to assure me that it had many alternative placements that would meet A.J.P.'s needs.

13. When I investigated those proposed placements, or when, as at the due process hearing in May, DCPS had to defend its proposed placement it developed that the placement was not defensible and not appropriate.

14. I find it puzzling that Ms. Smith now asserts in her Declaration that there are placements other than Barnard that DCPS believes might be appropriate for A.J.P. If that were the case, why would DCPS have not offered any one of those placements as an alternative Stay Put placement, when I disagreed with their proposal to place A.J.P. at Barnard.

15. When DCPS refused A.J.P. entry to Stoddert on August 29, 2005, and then refused to respond to my request for an alternative inclusion pre-school program for A.J.P, A.J.P. and I were in a position for which we were completely unprepared. I had no information concerning preschool programs, private or public, that might have available openings. Because I work, I had little time in which to investigate options for A.J.P.'s schooling. As I stated in my earlier Declaration, I was able to locate an inclusionary preschool for A.J.P., and he began classes there on September 12, 2005. As I have time to investigate other preschools, it may be that I may find another preschool that I think would offer A.J.P. more. If that is the case, I wish to have sufficient flexibility to make that decision, without causing any interruption in the services that he needs and that I have requested that the Court order. For that reason, I ask the Court to order DCPS to fund those services at the inclusion preschool of my choice, rather than at a specific school.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____                                    _____

**Date**                                                  **Leslie T. Jackson**

        Leslie Jackson
        235 Oglethorpe Street, N.W.
        Washington, D.C. 20011
        (202) 882-5466
        (202) 368-8608

September 22, 2005

Zondra Johnson
Silas Christian
Mary Lee Phelps
DC Public Schools
825 North Capitol Street, N.E.
Washington, D.C. 20002

Re: Ari Jackson Pitts

Dear Ms. Johnson and others at DC Public Schools:

This is to memorialize our agreement wherein I agreed to waive the deadline for the resolution meeting due to my work commitment schedule and Ari's dad's travel plans. The deadline is September 23 which you agreed to waive. September 30, 2005 at 2:00 p.m. at 825 North Capitol Street, N.E. meets my work conflicts and Ari's dad's travel schedule – as I am a working parent and Ari's dad is out of town and will have to travel to DC for the meeting.

Thank you for your accommodation for the parents.

Sincerely,

Leslie Jackson