IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY LASTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 5-1875 (RMU) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFFS' MOTION FOR AWARD OF INTERIM ATTORNEY'S FEES AND COSTS**

Plaintiffs move, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, 20 U.S.C. § 1415(i)(3), and Local Civil Rule 54.2(c), for an award of interim attorney's fees and costs, as prevailing parties in their action for Stay Put relief, under 20 U.S.C. §1415(j). Plaintiffs seek an award of $24,030.00 in fees and of $345.56 in costs. The grounds for their motion are set forth in the accompanying memorandum of points and authorities.

Respectfully submitted,

Karen D. Alvarez
Bar No. 423186
1442 Foxhall Rd, N.W.
Washington, D.C. 20007
(202) 333-8553
202-333-1546 (FAX)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BETTY LASTER, et al.,         )
                              )
    Plaintiffs,               )
                              )
        v.                    )   Civil Action No. 5-1875 (RMU)
                              )
DISTRICT OF COLUMBIA, et al., )
                              )
    Defendants.               )
_____)

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM ATTORNEY'S FEES

Plaintiffs Betty Laster, Leslie Jackson and Chanda Alston move for an award of interim attorney's fees and costs, as prevailing parties in their action for Stay Put relief, under 20 U.S.C. §1415(j). Plaintiffs moved for Stay Put relief in a Motion for Temporary Restraining Order, filed September 22, 2005. In Orders of September 26, 2005 and September 30, 2005, this Court granted plaintiffs all the relief that Plaintiffs had sought in their Stay Put motion. Reasonable attorney's fees and costs for that action are recoverable pursuant to 20 U.S.C. § 1415(i)(3). Plaintiffs seek an award of $ 24, 030.00 in attorney's fees and of $ 345.56 in costs.

**Plaintiffs are the Prevailing Party**

Plaintiffs, in their Motion for Temporary Retraining Order, sought Stay Put relief, requiring Defendants to: (1) maintain C.A.'s placement at Cabin John/Grafton School, pending determination of Mrs. Alston's Due Process Complaint and any appeal thereof; (2) place and maintain T. L. at High Road Academy, pending determination of Mrs. Laster's Due Process Complaint and any appeal thereof; (3) fund services and supplemental aids called for by A.J.P's 2004 Transition Plan and 2004-2005 IEP, pending determination of Mrs. Jackson's Due Process Complaint and any appeal thereof.   This Court granted Plaintiffs that relief in its Orders of September 25, 2005 and September 30, 2005. Plaintiffs, consequently are the prevailing party in their Stay Put action and are eligible for an award of attorney's fees and costs.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Oil, Chemical and Atomic Workers Internat'l Union v. Dep't of Energy, 288 F.3d 452 ( D.C.Cir. 2002), 2002 U.S. App. LEXIS 9041 at 5 (plaintiff eligible for award of attorney's fees where plaintiff has been awarded some relief by a court).

**Plaintiffs' Attorney's Fees Are Reasonable**

Reasonable attorney's fees are determined by multiplying the number of hours reasonably worked by the attorney's reasonable rate. Hensley, 461 U.S. at 433.  Reasonable hourly rates are the market rates prevailing in the community. The Laffey Matrix is evidence of prevailing market rates for litigation counsel in the District of Columbia. Covington v. District of Columbia, 57 F.3d 1101, 1105 n.14 (D.C.Cir 1995).

3

Plaintiffs request an award of $ 24,030.00 in fees and $ 345.56 in costs. See Exhibit A at 3; Exhibit B at ¶¶ 5-6. That request encompasses fees for 82.5 hours of legal work billed at the rate of $295.00 an hour and costs for filing, photocopying and parking fees. Plaintiffs' attorney-time records are attached hereto as Exhibit A. A breakdown of the hours recorded in those timesheets is provided at Exhibit B. As described in Exhibit B in greater detail, the majority of that time--- 71.4 hours--- was accounted for by the following:

> Preparation of declarations: 11.6 hours;
> Preparation of the Motion and Memorandum: 29.8 hours;
> Preparation of the Reply to Defendants' Opposition: 21.8 hours;
> Preparation for, and attendance at, Court meeting: 8.2 hours.

Exhibit B at ¶ 5. The remaining 11.1 hours were expended on miscellaneous work, including drafting of a proposed order, review of Court orders, correspondence and telephone calls with clients, school staff, and Defendants. Those hours were reasonably necessary to accomplish the work required for these proceedings. Id. at 8.

Plaintiffs' attorney bills at the rate of $295.00 per hour. Id. at ¶ 4. That hourly rate is significantly lower than that applicable under the Laffey Matrix. See Exhibit C at 1. It represents, with a $ 10 per hour annual increase, the rate at which Defendants have reimbursed counsel's time in prior actions. Appendix B at ¶ 4.

Plaintiffs, in their proposed order, seek immediate payment of only $12,000.00 in fees. That reflects reimbursement of $ 4000.00 per

4

plaintiff, in accordance with the attorney fee cap applicable to IDEA actions.

Local Rule 7.1 Certification

Plaintiffs requested that Defendants consent to this motion on October 6, 2005. Defendants have not consented.

WHEREFORE, Plaintiffs respectfully request that their motion for reimbursement of attorney's fees and costs be granted.

Respectfully submitted,

Karen D. Alvarez
Bar No. 423186
1442 Foxhall Rd, N.W.
Washington, D.C. 20007
(202) 333-8553
202-333-1546 (FAX)