UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY LASTER, et al., : | |
| Plaintiffs : | |
| v. : | Civ. Action No. 05-1875 (RMU) |
| DISTRICT OF COLUMBIA, et al., : | |
| Defendants. : | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN AWARD OF INTERIM ATTORNEY'S FEES AND COSTS

Defendants, through counsel, respectfully oppose Plaintiffs' Motion for an Award of Interim Attorney's Fees and Costs ("Motion"), filed on October 11, 2005, pursuant to LCvR 7(b).

On September 26 and September 30, 2005, this Court entered an Order granting Plaintiffs' stay put injunction, and ordered Defendants to place T.L. at High Road Academy, and fund related services and supplemental aids on A.J.P—relief requested by Plaintiffs. On October 6, 2005, Defendants filed a Motion to Alter or Amend the Judgment and vacate its September 30, 2005 Order.

Defendants respectfully request that the Court's decision on Plaintiffs' Motion be deferred, at least until the Court's ruling on Defendants' Motion to Alter or Amend the Judgment filed October 6, 2005, and most appropriately until a final disposition on the merits of the Complaint herein. In the alternative, Defendants' submit Plaintiffs' Motion should be denied because the amount of attorney's fees and costs requested is

unreasonable and exceeds the amount that Defendants may pay under the applicable fee caps.

## ARGUMENT

I. **Legal Standards of Review**

    **A. Court's authority to award the prevailing party attorneys' fees and costs under the IDEA.**

Section 1415(I)(3)(B) of the IDEA authorizes the Courts to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." The Court is empowered to exercise its discretion in determining the amount of fee awards.

    **B. Reasonableness of fees under the IDEA: Plaintiffs bear the burden of establishing all elements of the requested fee award.**

Under the IDEA, 20 U.S.C. §§1400 et seq., the Court is empowered to exercise its discretion in determining the amount of fee awards. However, the plaintiffs bear the burden of establishing all elements of the requested fee award, including an entitlement to the award, the documentation of appropriate hours, and justifying the reasonableness of the rates. See Blum v. Stenson, 465 U.S. 866, 896 n. 11 (1984); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Role Models America, Inc. v. Brownlee, 353 F.3d 962, 968 (D.C. Cir. 2004); Covington v. District of Columbia, 57 F.3d 1101, 1107 (1995), cert. denied, 516 U.S. 1115 (1996); Smith v. District of Columbia, Civ. No. 02-0373 (D.D.C.), Memorandum Opinion issued June 24, 2003, pp. 8-9, aff'd, D.C.Cir. No. 03-7130 (December. 3, 2004). "The prevailing party shoulders the burden to provide the Court with sufficient evidence to justify its request." Smith v. Roher, 954 F.Supp. 359, 365 (D.D.C. 1997) (citing In re North, 303 U.S.App.D.C. 443, 8 F.3d 852 (1993)).

"Supporting documentation 'must be of sufficient detail and probative value to enable the court to determine *with a high degree of certainty* that such hours were actually and *reasonably expended….*'." In re Olson, 280 U.S.App.D.C. 205, 884 F.2d 1415, 1428 (1989) (quoting United Slate, Tile & Composition v. G&M Roofing, 732 F.2d 495, 502, n. 2 (6th Cir. 1984)) (emphasis in original). And the Court must exclude from the fee award any hours that were not "reasonably expended." Smith v. Roher, supra, 954 F. Supp. at 365 (citing Hensley v. Eckerhart, supra, 461 U.S. at 434)).

**II. Should Defendants' Motion to Alter or Amend Judgment be Granted, or if Plaintiffs' Complaint Claims are not Ultimately Sustained, Plaintiffs Would not be Deemed Prevailing Parties, and would not be Entitled to Attorney's Fees.**

The Court's September 26 and September 30, 2005 Orders granted Plaintiffs' stay put injunction, and ordered Defendants to provide the relief sought by Plaintiffs in their temporary restraining order ("TRO") filed September 22, 2005. Since Plaintiffs obtained the relief sought in the TRO, they might be deemed prevailing parties pursuant to Section 1415(I)(3)(B) of the IDEA with respect to that motion, and entitled to attorney's fees in that regard.

However, Defendants filed a Motion to Alter or Amend Judgment on October 6, 2005, and requested that the Court vacate its September 30, 2005 Order. If this Order is vacated, Plaintiffs would no longer be prevailing parties, and would not be entitled to attorney's fees. Moreover, the action represented by the Complaint remains pending, and has not yet been addressed. And should the Plaintiffs not ultimately prevail in the merits of their action, they would not be entitled to any attorneys' fees herein.

### III. Plaintiffs' Fee Claims Must be Reduced.

Pursuant to 20 U.S.C. §1415(i)(F)(iii), the Court may reduce the amount of the attorney fee award if the Court finds the time spent *and the legal services furnished* were excessive, considering the nature of the action or proceeding. "The touchstone inquiry is whether the time expended on particular tasks was reasonable. Parties cannot be reimbursed for nonproductive time or duplicative activities." Cobell v. Norton, 231 F. Supp. 2d 295 (2002) *citing* Martini v. Fed. Nat'l Mortgage Ass'n., 977 F. Supp. 482, 487 (D.D.C. 1997). See Jordan v. Department of Justice, 223 U.S. App. D.C. 325,691 F.2d 514, 518 (D.C.Cir. 1982).

After reviewing Plaintiffs' invoice, Defendants note one entry that appears nonproductive and unnecessary. Entry September 28, 2005, #2580, indicates that Ms. Alvarez visited W. Wilson SHS and reviewed Wilson's program. Ms. Alvarez expended 1.20 hours on this task and billed $354.00. Defendants submit that this action was nonproductive and unnecessary. Neither Plaintiffs nor Defendants proposed Wilson SHS as an alternative placement for any of the student Plaintiffs involved in this action. Consequently, Ms. Alvarez had no reason to visit Wilson SHS and review its program. Defendants request that Plaintiffs' invoice be reduced by $354.00.

### IV. The District of Columbia Appropriations Act caps the amount of attorneys' fees that can be paid for a claim under IDEA.

Section 327 of the District of Columbia Appropriations Act of 2005, 108 Pub. L. No. 335, 118 Stat. 1322 ("the 2005 Act"), bars the District's use of funds appropriated by the 2005 Act for payment of attorneys' fees in IDEA cases in excess of

$4,000.00.[1]  Thus, while this Court has the statutory authority to *award* Plaintiff attorneys' fees above the fee cap, the District cannot *pay* more than the cap permits.  *See Calloway v. District of Columbia,* 216 F. 3d 1, 10, 12 (D.C. Cir. 2000), where the Court held that it could, as a statutory matter, use its discretion to "award " judgments above the fee caps, but that the District's ability to pay such awards would be limited by those fee caps.

In this case, therefore, even if the Court were to award a higher amount, Defendants cannot lawfully pay attorneys' fees in excess of the $4,000 fee cap.  See, e.g., Armstrong v. Vance, 328 F. Supp. 2d 50, 60-62 (D.D.C. 2004).  As recently stated in Scorah v. District of Columbia, Civ. No. 03-0160 (D.D.C.):

> "Though courts have the authority to award attorneys' fees in excess of the statutory caps, Calloway, 216 F.3d at 12, they cannot order the Defendants to violate an act of Congress to pay the total award."  Pullins-Graham v. Dist. Of Columbia, No. 98cv3065 (CKK), Sept. 16, 2004, Mem. Op. at 7 (citing Armstrong v. Vance, 328 F.Supp.2d 50, 60 (D.D.C. 2004)).

To that extent, the Defendants request that any Order herein awarding any of the fees requested in the Motion include a recognition of the fee cap payment limitation.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District
         of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

---

[1] Appropriations Act of 2005, § 327. "None of the funds contained in this Act may be made available to pay--(1) the fees of an attorney who represents a party in an action or an attorney who defends any action, including an administrative proceeding, brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act (20 U.S.C. 1400 et seq.) in excess of $ 4,000 for that action."

/s/ *Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2


/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**October 31, 2005**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY LASTER, et al.,** : | |
| Plaintiffs : | |
| v. : | Civ. Action No. 05-1875 (RMU) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

## ORDER

Upon consideration of Plaintiffs' Motion for Award of Interim Attorney's Fees and Costs, Defendants' Opposition thereto and the record herein, it is by the Court this _____ day of _____, 2005,

**ORDERED**: That Plaintiffs' Motion for Award of Interim Attorney's Fees and Costs is DENIED.

**SO ORDERED**.

_____
UNITED STATES DISTRICT COURT JUDGE