IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY LASTER , et al.** ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5-1875(RMU) |
| ) | |
| v. ) | |
| ) | |
| **DISTRICT OF COLUMBIA, et al.** ) | |
| ) | |
| Defendants ) | |
| ) | |
| _____) | |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ALTER OR AMEND JUDGEMENT

Defendants filed on October 14, 2005, their Motion to Alter or Amend Judgment. They allege a denial of procedural fairness and an error of law. As discussed more fully below, Defendants do not demonstrate error, injustice, nor prejudice and their Motion, therefore, should be denied.

**I.
LEGAL STANDARD**

Defendants do not state the legal standard for determination of their motion, or address the requirements of Rule 59(e). Rule 59(e) motion must be filed within 10 days of the order it seeks to alter. Fed.R. Civ. Proc. 6, 59. It may not be utilized as a vehicle to renew factual or legal arguments that it a party already has asserted or that it could he asserted before judgment. Wright, Miller & Kane, Federal Civil Procedure, Vol. 11, Section 2810.1 at 128

Reconsideration of judgment after entry is an extraordinary remedy, which should be used sparingly.  Wright, Miller & Kane, Federal Civil Procedure, Vol. 11, Section 2810.1 at 124. Motions under Rule 59(e) need not be granted unless the district court finds that there is (1) an intervening chnge of controlling law; (2) the availability of new eveidence or (3) the need to correct a clear error or prevent a manifest injustice. Anyanwutaku v. Moore,151 F.3d 1053,1058 (D.C.Cir. 1998).

Defendants' theories fall within the third prong of the Rule 59(e) standard, seeking alteration of judgment on the grounds of a clear error of law and of manifest injustice. A clear error of law is one which compels the court to change its prior position. Fielding v. Brown, 116 F.Supp.2d 59, 65  (D.D.C. 2000).  Manifest injustice does not exist where the party could have easily avoided the outcome but instead elected not to act. Piper v. U.S., 312 F.Supp.2d 17 (D.D.C. 2004). A party objecting to time limits set by the trial court must demonstrate that he objected to the time limits before judgment and that harm was incurred as a result of the limits. Monotype Corp. v. International Typeface Corp.,  43 F.3d 443,451 (9th Cir. 1994).  A party arguing that time limits were unfair must show that he was prejudiced thereby. Sparshott v. Feld Entertainment, Inc, 311 F.3d 425,433- 434 (D.C.Cir. 2002)(no manifest injustice where time limits equal and there is little evidence of prejudice no time limits that are equal and caused movant prejudice are grounds for rehearing). Id at 434 (party must object and demonstrate prejudice during trial).

## II.
## ANALYSIS

**A. DEFENDANTS' MOTION IS TIME-BARRED**

Defendants assert that the Court's Order constituted a final order. Motion to Alter at 8. But see Complaint at 15-16 (asserting claims and seeking relief neither addressed nor decided by this Court's Orders) .If that were the case, Defendants were required to file their motion within 10 days of entry of the Court's Order. Fed. Rule of Civ. Proc. 59(e). The substantive legal issues raised by Defendants' Motion to Alter concern all relate back to legal issues that were addressed in Plaintiffs' motion for stay put relief, and resolved by this Court's Order of September 26, 2005.  See Motion to Alter at 6-7, 10, 15 (arguing that traditional four-part test for injunctive relief should have been applied), Motion to Alter at 13-14 (arguing that DC law bars Stay Put relief); compare Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order ("Opposition") at 3-5,8-10 (arguing that traditional four-part test for injunctive relief must be applied). Those issues were resolved by the Court in its Order of September 26, 2005 granting Plaintiffs' motion for Stay Put relief, which issued 13 days before Defendants filed their Motion to Alter. Even were the Court's subsequent Memorandum Opinion, issued September 28, 2005, treated as the date for determining the deadline by which Defendants were required to file an motion to alter judgment, Defendants' Motion to Alter still would be out of time. Cf. Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-212( test for order from which deadline for appeal of judgement runs is whether second order has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality).

B.  **DEFENDANTS' MOTION IMPERMISSBLY SEEKS TO RELITIGATE OLD MATTERS AND TO INTRODUCE EVIDENCE THAT COULD HAVE BEEN RAISED PRIOR TO ENTRY OF JUDGMENT**

Defendants' Motion to Alter addresses legal issues already decided and seeks an additional opportunity to address factual issues already considered. See Motion to Alter at 6-7, 9-10,15 (rehearsing injunctive relief arguments made in Opposition at 3-5 and 8-10); Motion to Alter at 12  (rehearsing exhaustion arguments made in Opposition at 6-7, as well as mis-characterizing holdings of cases cited); Motion to Alter at 14 (rehearsing objections to placements made in Opposition at 2-3, 7-9); Motion to Alter at 11 (rehearsing argument made in Opposition at 6 that placements must be considered by expert educational personnel). Defendants assert a right to present additional facts and arguments as to Plaintiffs' Sty Put placements. Motion to Alter at 10-11. Those placement issues, which Defendants refer to elsewhere in their Motion to Alter as "comparable" placement issues, id. at 13, were addressed in detail in Plaintiffs' Motion for Temporary Restraining Order. Motion for Temporary Restraining Order at 2-9, 15-19. See also Plaintiffs' Proposed Order.

Defendants had the opportunity in their Opposition to address the factual issues concerning Plaintiffs' Stay Put placements. Defendants now consider that they failed fully to avail themselves of that opportunity, as they acknowledge, and seek yet another opportunity to do so. Motion to Alter at 11 (defendants "never had the opportunity…to know that the Court would take silence on such matters…as decisionally dispositive."). Defendants may not use their Rule 59(e) motion to do so.  Wright, Miller & Kane, Federal Civil Procedure Vol. 11, Section 2810.1 at 128; State of New York v. United States, 880 F.Supp. 37, 38-39.  (D.D.C. 1995).

4

### B. DEFENDANTS DEMONSTRATE NO ERROR OF LAW

Defendants assert that the Court made an error of law. Motion to Alter at 6-7. Defendants cite Henry v. School Admin. Unit 29, 722 F.Supp.2d 52 (D.N.H. 1999) in support of their argument. Motion to Alter at 7. Defendants, quoting extensively from Henry, assert that Henry, and by extension the Supreme Court's ruling in Honig v. Doe which Henry relies on, stands for the proposition that this Court should have utilized the four-factor test for injunctive relief in determining Plaintiffs' Stay Put application. Id at 7. Defendants misconstrue both Henry and Honig, as the text of the Henry decision that they quote makes clear.

Both Henry and Honig stand for the proposition that a school board that wishes to overcome a parent's right to Stay Put injunctive relief must itself undertake the burden of demonstrating that the four-factor test favors a placement that is not the Stay Put placement. Id. Defendants' Motion to Alter fails to demonstrate that this Court made any error of law, much less a compelling error of law. Defendants, therefore, are not entitled to reconsideration of this Court's Order. Fielding v. Brown, 116 F.Supp.2d 59, 65 (D.D.C. 2000)

### C. DEFENDANTS DEMONSTRATE NO MANIFEST INJUSTICE

**1. Defendants and Plaintiffs Received Equal Amounts of Time to Prepare and Present Their Cases.**

Defendants were on notice that Plaintiffs Betty Laster and Leslie Jackson would assert their Stay Put rights as of July 28, 2005 and August 10,2005, respectively.

5

Plaintiffs' Motion for Temporary Restraining Order at 9-10. Defendants received Plaintiffs' Complaint and notice that Plaintiffs would seek a temporary restraining order at 12: 37 p.m. on September 21, 2005. Ex. A. Defendants received Plaintiffs' Motion for Temporary Restraining Order, Memorandum of Points and Authorities and proposed order at 2:07 p.m. on September 21, 2005. Ex. A. At 2:35 p.m. on September 21, 2005, exhibits A, B, E, and I were e-mailed to Defendants. Ex. A. At 11:00 a.m. and 12:31 p.m. on September 22, 2005 the remaining exhibits were faxed to Defendants. Ex. A.

During a telephone conference call, placed by Defendant's Counsel Edward Taptich to Chambers at 10:00 a.m. on September 23, 2005, the parties were informed of the briefing schedule. A Minute Order, issued at 10:10 a.m. set forth the schedule stated during that conference call. Each of the parties was given an equal amount of time: Defendants were given until 10:00 a.m. on September 24 to file their response to Plaintiffs' motion; Plaintiffs were given until 10:00 a.m. on September 25 to file their reply. Minute Order Setting Expedited Briefing Schedule (entered Sept 23, 2005 at 10:09 a.m.).

Defendants elected to utilize only a fraction of the time they were given to prepare and file their response. Notice of Electronic Filing (entered Sept. 23, 2005 at 6:17 p.m.). Defendants did not raise any objection to the time limits stated by the Court, either in the telephone conference call with Chambers on the morning of September 23, or in the Opposition that they filed that afternoon, on September 23, 2005. Defendants did not raise any objection to the time limits, or seek any additional time in which to present their views, at any time prior to their Motion to Alter, filed 22 days after the time limits were set.

6

Defendants assert, but do not demonstrate, that they were prejudiced by the time limits, which they erroneously characterize as unequal. Motion to Alter at 3(asserting erroneously and without citation to any evidence that plaintiffs were given until September 26 to file their reply), id. at 11 (asserting that Defendants not given the opportunity to present their "views" on what they believed to be "comparable placements"). Defendants had ample opportunity to challenge Plaintiffs' factual and legal arguments with respect to "comparable placements" in Defendants' Opposition, but elected not to take the time available to them do so. Defendants are not entitled to re-hearing or reconsideration of the Court's order. See Sparshott v. Feld Entertainment, 311 F3d 425, 433-434 (D.C. Cir. 2002) (party arguing time limits unfair must show that before judgment entered he objected to the time limits and demonstrated that he would be prejudiced by those limits by making proffer of evidence he would have presented). See also Monotype Corp v Intnt'l Typeface Corp, 43 F3d 443, 450-451 (9th Cir. 1994)(no right to rehearing where parties given equal amounts of time party did not explain how it was prejudiced); Matton v. White Mountain Cable Constr. Corp, 190 FRD 21, 23 (D.Mass 1999)(no abuse of discretion where parties were given equal amounts of time and party failed to request extension of time).

**2. Defendants Elected Not to Receive Notice of Filings**

Counsel for Defendants filed Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order on September 23 at 6:17 p.m. Notice of Electronic Filing (entered Sept. 23, 2005 at 6:17p.m). When he filed that document he did not associate himself with the District of Columbia as its attorney, and he instructed the ECF system

7

not to provide him notices. See Conversation of Karen D. Alvarez with Mr. Joe Burgess, District Court Electronic Filing Division (Oct. 17, 2005)(attorney making ECF filing presented by screen that asks that he associate himself with his party; whether or not attorney associates his name with his party, the ECF system will issue him notices unless he unchecks the "notice" box on that same screen); see also Ex. B (sample ECF screen form for filing provided by Mr. Burgess).

    Defendants were aware that they were not receiving notices of ECF filings. Motion to Alter at 3 (on Sept. 26, 2005 counsel logged on to ECF system because he had received no notices and retrieved Plaintiffs' reply and the Court's Order). Counsel for Defendants did not then enter an appearance, associate himself with his party in the ECF system, or take any other action. Defendants' counsel raised no objection at the time, and took no steps to correct his error. Defendants had suffered no prejudice. because. Defendants had no entitlement, under the Federal Rules of Civil Procedure, to file any response to Plaintiffs' Reply. Local Civ. R. 7.1 (a)—(d). Defendants, by their own account, took no steps to receive notices, and did not log onto or check the ECF system again until October 3, 2005--- well after the proceedings which they seek to re-visit had concluded. Motion to Alter at 5. Even then Defendants raised no alarm. Defendants are not entitled to re-hearing because they elected not to receive ECF notices or failed to take the actions required by the ECF system in order to receive notices. Internet Financial Services v. Law Firm of Larson-Jackson, 2005 WestLaw 2692496 at * 5 (D.D.C. Jan. 6, 2005)(failure to take required steps to receive electronic filings is inexcusable neglect; under local rules Court will apply presumption of notice and find that party had constructive if not actual notice).

**3. Defendants Suffered No Prejudice**

Defendants' Motion to Alter makes a series of allegations of impropriety, none of which it supports by reference to any documentary or affidavit evidence, concerning the events at the conference held September 29 and the issuance of the Court's Order on September 30, 2005.  <u>See</u> Motion to Alter at 3-6, 9-11. Defendants' allegations, are self-contradictory.  <u>Compare</u>, e.g. Motion to Alter at 13 ("defendants were prepared to present sworn testimony from representatives knowledgeable about DCPS' special education program" and comparable placements at Sept. 29th conference) <u>and</u> <u>id</u>. at 10 (" September 29 meeting was never billed as an opportunity" to present facts or recommendations with respect to placements). Defendants allegations of impropriety are not true. <u>See</u> Ex. C. (Declaration of Leslie T. Jackson)

**III
CONCLUSION**

The thrust of Defendants' arguments is that they were not permitted the opportunity to present their "views" on "comparable placements," <u>id.</u> at 13,  or the educational adequacy of Plaintiffs' Stay Put placements, <u>id.</u> at 12. They assert now that they must be given time to introduce expert testimony so that "educational judgments" may be made. <u>Id</u>.

Defendants had an opportunity, in their Opposition, to challenge Plaintiffs' proposed Stay Put placements and to present their views on comparable placements. The only programs that Defendants mentioned or defended were the programs/placements that the parents had rejected in July and August 2005, and that the parents were

9

challenging in their Due Process proceedings. See Opposition at 2-3. Defendants could have taken, the same opportunity, to raise their views concerning the educational adequacy of Plaintiffs' proposed placements and could have presented experts' declarations on any educational judgments that Defendants considered appropriate. They did not do so.

Defendants suffered no cognizable harm or prejudice. A court hearing a parent's application for Stay Put relief is barred from considering the educational adequacy of the Stay Put placement. See Plaintiffs' Reply to Defendants' Opposition at 5-6 (reviewing case law). Defendants, consequently, suffered no harm or prejudice, and are not entitled to re-hearing or reconsideration of the Court's Orders.

Defendants elected not to consider or address the Stay Put case law in their Opposition and, by and large, did not do so in their current pleading. Defendants' decision to ignore applicable law was explicit. See Opposition at 9 n. 2 (defendants will not respond to citations at page 13 of Plaintiffs' Motion); Plaintiffs' Motion at 13 (reviewing Stay Put case law). The case law that Defendants misconstrue in their current Motion makes it clear that Defendants could not have overcome Plaintiffs Stay Put placements once Defendants decided, in their Opposition, not to present an analysis of the four-factor test for injunctive relief, not to present the necessary evidence, and not to demonstrate that equitable or other factors overcame the legislative right to a Stay Put placement.

Respectfully submitted,

Karen D. Alvarez
D.C.Bar No. 423186
1442 Foxhall Road, N.W.

        Washington, D.C. 20007
        (202) 333-853