UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY LASTER, et al.,** : | |
| Plaintiffs : | |
| v. : | Civ. Action No. 05-1875 (RMU) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

## **DEFENDANTS' ANSWER TO COMPLAINT**

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1. Defendants admit the existence of the cited statutes, but deny that this Court has jurisdiction thereunder.

2. Admitted that T.L. is a 16-year old resident of the District of Columbia. Sentence two is a characterization of the action to which no response is required. If a response is required, then the same is denied. The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

3. Defendants lack knowledge and information sufficient to enable them to answer the allegation in sentence one. Sentence two is a characterization of the action to which no response is required. If a response is required, then the same is denied.

4. Admitted that A.J.P. is a 4-year old resident of the District of Columbia. Sentence two is a characterization of the action to which no response is required. If a

response is required, then the same is denied. The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

    5. Admitted as to sentence one. Sentence two is a characterization of the action to which no response is required. If a response is required, then the same is denied.

    6. Admitted that C.A. is a 13-year old resident of the District of Columbia. Sentence two is a characterization of the action to which no response is required. If a response is required, then the same is denied. The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

    7. Admitted as to sentence one. Sentence two is a characterization of the action to which no response is required. If a response is required, then the same is denied.

    8. Admitted.

    9. Admitted that Clifford Janey is Superintendent of the District of Columbia Public Schools ("DCPS"). The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

    10. Admitted that T.L. has been determined eligible for special education services under IDEA. Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations.

    11. Denied.

    12. These allegations are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

13. Admitted.

14. Admitted that DCPS changed T.L.'s classification from learning disabled to learning disabled with a secondary classification as emotionally disturbed, and issued a prior notice placing T.L. at D.C. Alternative Learning Academy ("DCALA"). Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations.

15. Denied.

16. Admitted.

17. Paragraph 17 was omitted in Plaintiffs' Complaint.

18. Defendants lack knowledge and information sufficient to enable them to answer this allegation.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied.

23. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

24. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

25. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

26. Admitted.

27. Admitted that DCPS developed an IEP for A.J.P. in August, 2004, and placed him at Stoddert ES. Denied as to the remaining allegations.

28. Admitted that DCPS issued a notice changing A.J.P.'s placement. Defendants lack knowledge and information sufficient to enable them to respond to the remaining allegations.

29. The Hearing Officer's Determination ("HOD") speaks for itself. This allegation is Plaintiffs' interpretation of what the Hearing Officer ordered in the May 11, 2005 HOD.

30. Admitted that DCPS issued a notice placing A.J.P. at Bernard ES on August 10, 2005. The remaining allegations are Plaintiffs' characterization of Bernard ES, to which no response is required. If a response is required, then the same are denied.

31. Denied.

32. Admitted.

33. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

34. Denied.

35. Defendants lack knowledge and information sufficient to enable them to answer this allegation.

36. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

37. Defendants lack knowledge and information sufficient to enable them to answer this allegation.

38. Admitted that DCPS determined that C.A. required both a residential placement and a day instructional program. Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations.

39. These allegations are characterizations of Defendants' actions to which no response is required. If a response is required, then the same are denied.

40. The August 22, 2003 HOD speaks for itself. This allegation is Plaintiffs' interpretation of the Hearing Officer's actions to which no response is required. If a response is required, then the same is denied.

41. These allegations are characterizations of Defendants' actions and conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

42. Defendants lack knowledge and information sufficient to enable them to answer this allegation.

43. Defendants lack knowledge and information sufficient to enable them to answer this allegation.

44. Denied.

45. These allegations are Plaintiffs' rationale for their actions to which no response is required. If a response is required, then the same are denied.

46. Mrs. Laster's and Mrs. Jackson's letters speak for themselves. *See Plaintiffs' Exhibits S and U.* These allegations are Plaintiffs' interpretations of the letters to which no response is required. If a response is required, then the same is denied.

47. Defendants lack knowledge and information sufficient to enable them to answer this allegation.

48. Defendants lack knowledge and information sufficient to enable them to answer this allegation.

49. Denied.

50. Defendants lack knowledge and information sufficient to enable them to answer these allegations.

51. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

52. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

53. The documents referred to in this allegation speak for themselves.

54. Denied.

55. Denied.

56. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

57. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

58. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

59. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

60. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

61. This allegation is an interpretation of Plaintiffs' actions to which no response is required. If a response is required, then the same is denied.

62. This allegation is an interpretation of Plaintiffs' actions to which no response is required. If a response is required, then the same is denied.

63. This allegation is an interpretation of Plaintiffs' actions to which no response is required. If a response is required, then the same is denied.

64. This allegation is a characterization of Plaintiffs' actions to which no response is required. If a response is required, then the same is denied.

65. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

66. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

67. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

68. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

69. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

70. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 69.

71. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

72. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 69.

73. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

74. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 69.

75. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust all administrative remedies.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

*/s/ Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**November 3, 2005**