**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BETTY LASTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5-1875 (RMU) |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ ) | | |

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR INTERIM FEE AWARD

Defendants' Opposition to Plaintiffs' Motion for an Interim Award of Attorney's Fees does not dispute that Plaintiffs are prevailing parties, does not challenge the sufficiency of the factual record presented by Plaintiffs in support of their fee application, and does not dispute the rate at which Plaintiffs' fees are calculated. Defendants' Opposition raises only two substantive objections to Plaintiffs' fee application, both of which Defendants fail to support by facts or law.

### I.      Plaintiffs' Fee Request Is Reasonable

Defendants assert that Plaintiffs fee request is unreasonable. Defendants' Opposition at 1. They suggest no reasons, nor offer any facts, in support of that assertion. Defendants do not challenge the hourly rate at which attorney's time is billed. They do not challenge the sufficiency of the detail provided in Plaintiffs' time records, as support for Plaintiffs' fee request. With one exception only, they do not challenge the reasonableness of the number of hours of attorney's time for which Plaintiffs seek reimbursement.

Defendants contest one and only one time entry---an entry for 1.2 hours of attorney time spent visiting Wilson SHS and reviewing the Wilson LD program, which Defendants allege was "non-productive and unnecessary." Defendants' Opposition at 4. The time allocated to reviewing the Wilson program on September 38, 2005, was reasonably spent. Plaintiffs reasonably believed that Defendants would propose a placement for T.L at the September 29, 2005 conference, and had reason to believe that Defendants would propose a placement at Wilson.

Defendants failed to give Plaintiffs any notice that they would propose a placement, or which placement they would propose--- itself a violation of 20 U.S.C.1415 (b)(3). Had Defendants given Plaintiffs the required statutory notice, Plaintiffs would not have visited Wilson. In the event, Defendants proposed placement at Woodson SHS: a school that , under the No Child Left Behind Act, has been shown to be incapable of educating non-disabled students, and so could not be expected to educate a student with learning disabilities as severe as  TL.'s . Plaintiffs mistakenly presumed that Defendants were more likely to propose placement at Wilson SHS, which has some claim to educational competency, than to propose placement at Woodson, which does not.

Plaintiffs have satisfied their burden of proof.  National Ass'n of Concerned Veterans v. Secretary of Defense. 675 F. 2d 1319, 1327 (D.C.Cir. 1982)(burden of proving that the number of hours expended is reasonable, is satisfied by submitting an invoice that is sufficiently detailed to permit an independent determination of whether the hours claimed are justified).

**II.     Plaintiffs Are Entitled to Interim Award of Fees**

Defendants, who, in their Motion to Alter or Amend Judgment, argued that the Court's Stay Put order was a final order, Motion to Alter at 8, now, to avoid payment of Plaintiffs' fees, argue that the Court's Stay Put Order did not constitute a "final disposition", Defendant's Opposition at 1. As a consequence, they assert, the Court should defer a ruling on fees until there has been a final disposition, on the merits of Plaintiffs' Complaint. Id.

Defendants do not dispute that Plaintiffs are prevailing parties with respect to their motion for Stay Put relief. Each of the three child Plaintiffs was awarded Stay Put relief, changing the legal relationship between each of the child Plaintiffs and Defendants, entitling them to attorney's fees. Edmonds v. FBI, Slip Op at 11 (D.C. Cir, Aug. 9, 2005)(plaintiff vindicating statutory right by obtaining enforceable judgment entitled to attorney's fees), citing Select Milk Producers v. Johanns, 400 F.3d 939 (D.C.Cir. 2005)(preliminary injunction that changes legal relations entitles plaintiff to attorney's fees). Plaintiffs, under this Court's Rules, are entitled to apply for an interim award of fees. Local Civ. Rule 54(c).

## III.        Fee Cap Applies Per Plaintiff

In this matter, three minor children, and their respective parents or guardians, filed actions for Stay Put injunctive relief. Each child prevailed in his or her request, and is entitled, individually, to attorney's fees under IDEA and under the D.C. Appropriations Bill fee cap. See e.g, Elaine Ball Smith et al v. D.C., et al. Civ. Action No. 2-373(AK), Memorandum Opinion at 2-3 (Feb. 3, 2005)(each plaintiff awarded fees up to $4000 cap); see also, id. Defendants' Memorandum in Response to Plaintiffs' Supplement to Motion to Show Cause at 2 (May 13, 2004) (fee amounts

payable for individual students each up to $4000 fee cap). Consequently, Plaintiffs, in the aggregate, are entitled to an award of $12,000, payable immediately, in accordance with the current fee cap.

Wherefore, Plaintiffs respectfully request that their application for an interim award of fees be granted.

Respectfully submitted,

Karen D. Alvarez
D.C.Bar No. 423186
1442 Foxhall Road, N.W.
Washington, D.C. 20007
(202) 333-8553