UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY LASTER, et al.,** : | |
| Plaintiffs : | |
| v. : | Civ. Action No. 05-1875 (RMU) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT ORDER

Defendants, through counsel, respectfully oppose Plaintiffs' Motion for Contempt Order ("Motion"), filed on November 25, 2005, pursuant to LCvR 7(b).

On September 26 and September 30, 2005, this Court entered an Order granting Plaintiffs' stay put injunction, and ordered Defendants to place T.L. at High Road Academy, and fund related services and supplemental aids on A.J.P—relief requested by Plaintiffs. On October 6, 2005, Defendants filed a Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. Pro. 59, and vacate its September 30, 2005 Order, requesting the Court to allow Defendants an opportunity to present comparable educational placements for T.L. and A.J.P.

In an email to Defendants dated November 17, 2005, Plaintiffs requested payment for speech services that had been provided to A.J.P. On November 22, 2005, Defendants informed Plaintiffs' counsel that since Defendants Motion to Alter or Amend Judgment was still pending before the Court—a decision which, if favorable to Defendants, would render payment for speech services unnecessary—Defendants intended to withhold

payment until their Motion to Alter or Amend Judgment was determined.  Thereafter, Plaintiffs filed the Motion for Contempt Order.

## ARGUMENT

The Court's September 26 and September 30, 2005 Orders granted Plaintiffs' stay put injunction, and ordered Defendants to provide the relief sought by Plaintiffs in their temporary restraining order ("TRO") filed September 22, 2005.

However, Defendants filed a Motion to Alter or Amend Judgment on October 6, 2005, and requested that the Court vacate its September 30, 2005 Order.  Defendants believe that the filing of the Motion to Alter or Amend Judgment itself obviated the need for compliance with the Court's September 30, 2005 Order until the disposition of Defendants' Motion.

If the Court believes nonetheless that some separate, independent action is necessary to defer compliance with the action of which Defendants have requested reconsideration, Fed. R. Civ. Pro. 62(b) gives the Court the authority to stay the execution of any proceedings to enforce a judgment pending the disposition of a motion to alter or amend a judgment made pursuant to Rule 59, and Defendants request the Court to take such action.

## CONCLUSION

Although the Court ordered Defendants to fund related services and supplemental aid to A.J.P. in its September 30, 2005 Order, Defendants' filing of the Motion to Alter or Amend Judgment tolled the requirements of that Order.  Accordingly, Plaintiffs' Motion for Contempt Order must be denied, or in the alternative, stayed until the Court's ruling on Defendants' Motion to Alter or Amend the Judgment.

                                                Respectfully submitted,

                                                ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
 Deputy Attorney General
 Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2


/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**December 1, 2005**

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY LASTER, et al.,** : | |
| Plaintiffs : | |
| v. : | Civ. Action No. 05-1875 (RMU) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

## ORDER

Upon consideration of Plaintiffs' Motion for Contempt Order, Defendants' Opposition thereto and the record herein, it is by the Court this _____ day of _____, 2005,

**ORDERED**: That Plaintiffs' Motion for Contempt Order is DENIED.

**SO ORDERED**.

_____
UNITED STATES DISTRICT COURT JUDGE

4