IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Betty Laster, et al, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5-1875 (RMU) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT ORDER**

On September 30, 2005 this Court issued an Order that in clear and unambiguous terms required Defendants to pay service providers identified by Plaintiff Leslie Jackson within 15 days of Defendants' receipt of the service providers' invoices. Defendants admit that they are in violation of that Order and offer no cognizable defense.

Defendants, as their counsel confirmed in correspondence with Plaintiffs' counsel and in Defendants' Opposition to plaintiffs' Motion, have failed to pay those invoices, and have intentionally and willfully violated this Court's Order. Docket Document No. 25, Exhibit A (Letter of Defendants' counsel) (defendants decided not to pay invoices); Docket Document No. 26 at 1-2(Defendants' Opposition) (Defendants intentionally are withholding payment of invoices).

1

Courts have inherent authority to enforce their orders through exercise of their contempt powers. Stewart v. O'Neill, 225 F.Supp. 2d.6, 10 (D.D.C. 2002), citing, Chambers v. NASCO, 501 U.S. 32, 44 (1991). Only two elements must be established before a party is held in contempt. Id. The Court, first, must have issued an order that is clear and reasonably explicit. Id., citing Armstrong v. Exec Office of President, 1 F.3d 1274, 1289 (D.C. Cir. 1993). Second, there must be clear and convincing evidence that the putative contemnor violated the court's orders. Id, citing 1 F.3d at 1289. It is not necessary that the violation be intentional, or that the violation have been in bad faith. Id., citing, McComb v. Jacksonville Paper Co, 336 U.S. 187, 191(1949).

The record shows, by clear and convincing evidence that Defendants have violated this Court's Order. Perfect Fit Indus. v. Acme Quilting Co., 646 F. 2d 800,809-810 (2d Cir. 1981) (admission by defendants' counsel that client had not complied is clear and convincing proof of violation for purposes of contempt finding). Defendants offer no cognizable defense. Food Lion, Inc. v. United food and Commercial Workers Int'l Union, 103 F.3d 1007, 1016 (D.C.Cir. 1997) (defense to contempt proceeding is good faith compliance).[1]

---

[1] Defendants assert that their filing of a Rule 59(e) motion "tolls" enforcement of the Court's Order. Docket Document No. 26 at 2. But see Fed. R. Civ. Pro. 62 (a) of the Federal Rules of Civil Procedure (10-day ban on enforcement of interlocutory order). Defendants then, contradicting that assertion, suggest, without moving therefore, that the Court might exercise its discretion to stay its Order of September 30, 2005. Docket Document No. 26 at 2. But see Fed. R. Civ. Pro.7(b)(all applications for an order shall be by motion).

Wherefore, Plaintiffs respectfully request that this Court find Defendants in contempt of this Court's Order of September 30, 2005.

        Respectfully submitted,

        Karen D. Alvarez
        D.C.Bar No. 423186
        1442 Foxhall Rd, N.W.
        Washington, D.C. 20007
        (202) 333-8553