IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY LASTER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 5-1875 (RMU) |
| ) | |
| **DISTRICT OF COLUMBIA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**JOINT REPORT ON STATUS OF ADMINISTRATIVE
PROCEEDINGS BEFORE THE STUDENT HEARING OFFICE**

This report is submitted in accordance with the directive of the Court in its Minute Order of January 25, 2006.

On January 31, 2006, Plaintiffs transmitted to Defendants a draft of this report. On February 3, 2006, Defendants provided to Plaintiffs Defendants Defendants' additions to this report.

**A. Proceedings with Respect to C.A**.

A Due Process Hearing was held on the Complaint filed by Ms. Alston on November 14, 2005. A Hearing Officer's Determination issued on November 22, 2005, providing, inter alia, for compensatory tutorial services for C.A. See Exhibit K at 17-21, L at 26-29, 35, 36,41-42 (DCPS denying responsibility for funding C.A.'s placement at Grafton and denying liability for compensatory education services).

■ **Defendants' Position:**

> Prior to the start of the due process hearing, the Parties reached a settlement, that was memorialized as an order in a Hearing Officer's Determination. DCPS agreed to pay for 305 hours of private tutoring, to pay for an assistive technology (AT) evaluation and to meet to review the evaluation and make decisions about the AT.

**B**. **Proceedings with Respect to T.L**.

No due process hearing has been held in respect of Mrs. Laster's Due Process Complaint of September 2005.

By letter of October 8, 2005, Mrs. Laster requested that DCPS convene a Dispute Resolution Meeting that complied with the requirements of Section 615 of IDEA, 20 U.S.C. 1415(f)(1)(B)(i). Exhibit A. Mrs. Laster specifically requested that DCPS convene a Dispute Resolution Meeting attended, as required by IDEA, by members of T.L.'s IEP team. DCPS did not respond to her letter.

On October 13, 2005, Mrs. Laster received from the Student Hearing Office a notice proposing a hearing date for her September 2005 Due Process Complaint. See Exhibit B. In the course of correspondence with first the Student Hearing Office and then the State Enforcement and Investigative Division of DCPS, Mrs. Laster sought information concerning DCPS policy with respect to her right to a Dispute Resolution Meeting under IDEA. By letter of October 28, 2005, Mrs. Laster informed the State Enforcement and Investigation Division that she had requested a statutory Dispute Resolution Meeting and had not received one. Exhibit C. By letter of October 31, 2005 the State Enforcement and Investigation

2

Division advised Mrs. Laster that it would review the matter and report back to Mrs. Laster. Exhibit D. On November 1, 2005 Mrs. Laster requested that the State Enforcement and Investigation Division inform her whether it was DCPS policy to require a parent to proceed to a due process hearing, and forego her right to a dispute resolution meeting, where the parent had requested a dispute resolution meeting and DCPS had failed to respond to that request. Exhibit E.  In a conversation of November 2, 2005 between counsel for Mrs. Laster and Kelly Evans, Esq., Director of the DCPS State Enforcement and Investigation Division, Mr. Evans informed Mrs. Laster that the Student Hearing Office would not schedule a due process hearing until DCPS convened a dispute resolution meeting. See Exhibit F.

      Mrs. Laster has not received any response from DCPS to her letter of October 8, 2005. She has not received any notice of scheduling of a dispute resolution meeting from DCPS or any communication from DCPS regarding a dispute resolution meeting.

      Mrs. Laster also is awaiting information from DCPS with regard to two related matters : (1) the results of its investigation of Kingsbury Day School and (2) the steps DCPS will take to obtain T.L's Kingsbury educational records. In response to correspondence from Mrs. Laster of August 2005, DCPS informed Mrs. Laster by letter post-marked September 16,2005, that it was undertaking an investigation of Kingsbury Day School. See Letter of M. Phelps dated Sept. 7, 2005

(Attachment 2 to Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order). On October 18, 2005, Mrs. Laster wrote DCPS, inquiring concerning the status of that investigation. Exhibit G. Mrs. Laster has not received any report of the results of the investigation that DCPS stated that it would make, and has received no response to her letter of October 18, 2005 regarding that investigation.

Prior to the filing of her September 2005 Due Process Complaint, DCPS and Mrs. Laster entered into a settlement agreement in respect of a Due Process Complaint filed August 4, 2005. The August 2005 Due Process Complaint alleged that DCPS and Kingsbury Day School had failed to provide her access to, or copies of, T.L.'s educational records. DCPS and Mrs. Laster entered into a settlement agreement, on August 19, 2005, pursuant to which DCPS agreed to obtain and to provide to Mrs. Laster copies of all of T.L.'s Kingsbury Day School educational records on or before September 16, 2005. Exhibit G. DCPS, to date, has failed to obtain those records.

In a meeting with DCPS staff on October 7, 2005, DCPS agreed to consider further steps it might take to obtain those records from Kingsbury Day School. On October 18, 2005 Mrs. Laster wrote DCPS , requesting the results of that consideration. Exhibit H. Mrs. Laster has received neither records nor response from DCPS.

- **Defendants' Position:**
  On August 19, 2005, Mrs. Laster came to the first resolution session at 825 North Capitol Street (D.C. Administrative Offices) in which a settlement agreement was reached.  The settlement

4

agreement required DCPS to request and provide from Kingsberry School, the complete educational file of TL. On September 16, 2005, Breona Harrison, placement specialist monitor for DCPS, obtained copies of the file pursuant to the settlement agreement and hand delivered the documents to Mrs. Laster at her home.

A second complaint was filed regarding placement. DCPS scheduled a resolution session at Mrs. Laster's home for October 7, 2005, in order to discuss placement of TL. However, prior to that resolution session, a decision was made in this Court to place the student at High Road School in P.G. County. Therefore, prior to holding the session DCPS offered to waive resolution because the sole issue raised in the complaint—TL's placement—had been resolved. Mrs. Laster, through her attorney, Karen Alvarez chose not to waive resolution. The resolution session was held.

At the resolution session the only matter discussed was completeness of the student's records received pursuant to the settlement agreement. Specifically, counsel argued that the documents provided were not the student's complete educational file. This dispute was not resolved. Nevertheless, that dispute was not the subject of the original complaint. At the resolution session Mrs. Laster was provided with the appropriate contact information to file a State Complaint in the State Complaint Office. Exhibit J.

**C**. **Proceedings With Respect to A.J.P.**

No due process hearing has been convened in respect of Mrs. Jackson's September 2005 Due Process Complaint.

In its Opposition to Mrs, Jackson's motion for stay-put relief, DCPS advised the Court that DCPS would shortly convene a dispute resolution meeting for A.J.P. to discuss matters of placement. September 23, 2005 Declaration of Judith Smith at Para. 3 (attached as Attachment 1 to Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order, filed Sept. 23, 2005). Mrs. Jackson requested that a dispute resolution meeting be held on September 30, 2005. September

24, 2005 Declaration of Leslie T. Jackson at 4 (attached as exhibit to Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order). No dispute resolution meeting was held on that date.

In correspondence with the DCPS State Enforcement and Investigation Division of October 28, October 31 and November 1, 2005, counsel for Mrs. Jackson requested clarification of DCPS and Student Hearing Office Policy with regard to the scheduling of a due process hearing where a parent had requested, but not received, a dispute resolution meeting. See Exhibits B, D, E, F. See also Exhibit M (Student Hearing Office Scheduling Memorandum); Exhibit N (Student Hearing Office Notice of Hearing). As in the case of T.L., the State Enforcement and Investigation Division advised counsel for Mrs. Jackson on November 2, 2005, that the Student Hearing Office would not schedule a due process hearing until DCPS had convened a dispute resolution meeting for Mrs. Jackson. Exhibit F.

Counsel does not now represent A.J.P. in the administrative proceeding before the Student Hearing Office. Mrs. Jackson informs counsel that DCPS has not communicated with her concerning a dispute resolution meeting and that consequently no due process hearing has been scheduled.

- **Defendants' Position:**
  On September 1, 2005, DCPS filed a Due Process Complaint Notice against Leslie Jackson, mother of AJP. The complaint identified the nature of the problem as follows: the parent is requesting that

6

DCPS fund independent evaluations. DCPS is willing and capable of conducting the OT and speech evaluations and is in disagreement with funding independent evaluations. The only impediment is the parent's consent and willingness and ability to make AJP available for testing.

A resolution meeting was scheduled for September 28, 2005, and Ms. Jackson confirmed that she would attend the meeting. However, in a letter dated September 22, 2005, Ms. Jackson requested that the resolution session be rescheduled for September 30, 2005. By letter dated September 27, 2005, Zondra Johnson, supervisor of Early Childhood, informed Ms. Jackson that September 30, 2005 was not practical, as both parties were due in court that day. Ms. Johnson requested a follow up communication, but Ms. Jackson never responded to Ms. Johnson. A due process hearing was scheduled for November 10, 2005. However, on November 2, 2005, Ms. Alvarez had the hearing removed from the hearing schedule because no resolution meeting had been held. To date, Ms. Johnson has not presented to a resolution session and has not waived her right to attend such a meeting.

Contrary to the representations of counsel, DCPS is not in receipt of any complaint filed by Ms. Jackson for AJP.

                Respectfully submitted,

                Karen D. Alvarez
                D.C. Bar No. 423186
                1442 Foxhall Road, N.W.
                Washington, D.C. 20007
                (202) 333-8553
                Attorney for Plaintiffs


                Robert J. Spagnoletti
                Attorney General for the District
                 Of Columbia

                George C. Valentine

        Deputy Attorney General
        Civil Litigation Division

        Edward P. Taptich
        Chief, Equity Section 2

        /s/ _Veronica A. Porter_
        Veronica A. Porter (412273)
        Assistant Attorney General
        441 4th Street, NW, Sixth Floor
        Washington, D.C.  20001
        (202-724-6651
        ATTORNEYS FOR DEFENDANTS