UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY LASTER, et al., : | |
| Plaintiffs : | |
| v. : | Civ. Action No. 05-1875 (RMU) |
| DISTRICT OF COLUMBIA, et al., : | |
| Defendants. : | |

## DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER

Pursuant to this Court's July 25, 2006 Minute Order to show cause why they should not be held in contempt for failure to follow the Court's September 30, 2005 Order, Defendants, through counsel, hereby respond with the following:

On September 30, 2005, this Court Ordered Defendants to "fund all related services and supplemental aids on the plaintiff A.J.P.'s April 9, 2004 Transition Plan and August 12, 2004 IEP, including speech therapy, occupational therapy, assistive technology, sign language instruction, behavioral management services and a full-time, one-on-one dedicated aide."[1]

On October 14, 2005, Defendants filed a motion to alter or amend the September 30 Order. Defendants believed that the filing of that motion obviated the need for compliance with the Court's September 30 Order until the disposition of Defendants' motion. Plaintiffs disagreed and filed a motion for contempt order on November 25,

---

[1] The Court also issued orders with respect to Plaintiff T.L., but those orders are not at issue in this show cause matter.

because "Defendants have refused to process and pay invoices submitted by A.J.P's service providers."

No action was taken by the Court on these motions until the Court denied Defendants' motion to alter or amend judgment on July 17, 2006 and granted Plaintiffs' show cause motion on July 25, 2006.

Upon receipt of the Court's July 25 Order, undersigned counsel immediately contacted Plaintiffs' counsel, Karen Alvarez, and requested an accounting of the invoices for services provided to A.J.P. pursuant to the Court's September 30 Order. In addition, undersigned counsel requested that DCPS' Chief Financial Officer ("CFO") begin making payments on the outstanding invoices as soon as possible. *See Exhibit A.*

A search of the CFO's records revealed that, in fact, provider Laurine Kennedy has been paid for services provided to A.J.P. since November, 2005. *See Exhibit B.* A second provider, the National Speech/Language Therapy Center ("NSLTC"), provided three therapy sessions for A.J.P., totaling $315.00. Defendants will pay the NSLTC within 15 days after receiving the original invoice, W-9 form and the Vendor Information Form.

Defendants were informed by Ms. Alvarez that Leslie Jackson (the student's parent) may have incurred out of pocket expenses. However, Defendants have not yet received additional information from Plaintiffs concerning Ms. Jackson's out of pocket expenses. Accordingly, Defendants are unable to take any action on this additional matter until further information is provided by Plaintiffs. *See Exhibit C.*

No contempt finding is permitted where a contemnor shows that he substantially complied with a court order or if he demonstrates his inability to comply with the terms

of the court order. Chairs v. Morgan County, 143 F.3d. 432, 436 (11th Cir. 1998); NAACP, Jefferson County Branch v. Brock, 619 F.Supp. 846, 849 (D.D.C. 1985); Food Lion v. United Food & Commercial Workers Union, 103 F.3d 1007, 1017 (D.C.Cir. 1997).

Since Defendants have complied—to the extent possible—with the Court's September 30, 2005 Order, Defendants respectfully request that the Show Cause Order be dismissed.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**July 31, 2006**