IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nikita Petties, et al., )
)
      Plaintiffs, )
)
v. ) Civil Action No. 95-0148 (PLF)
)
The District of Columbia, et al., )
)
      Defendants. )
)

**FILED**

NOV 8 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER REGARDING PAYMENT FOR SERVICES TO CLASS MEMBERS**

Upon consideration of the parties' agreement, and the record herein, it is hereby

**ORDERED** that the Court's October 11, 2002 "Order Modifying and Supplementing August 25, 1997 Order Regarding Payment" is hereby replaced and that the terms and conditions for payment of special education placements and services for class members shall be as follows:

I.    This Order applies to special education schools, residential facilities and private providers of related services (herein collectively referred to as "providers") that serve class members, including District of Columbia Public School ("DCPS") students and wards of the District of Columbia, pursuant to a court order, administrative decision, notice of placement, Individualized Education Program ("IEP") or by agreement with DCPS.

II. In the event that a provider has a written contract with DCPS to provide special education and/or related services to DCPS students, the following provisions shall apply:

  a. The language of the contract shall control unless the language and implementation of the contract conflict with the protections provided by this Court's Orders.

  b. All written contracts with any providers serving class members shall contain the same payment procedures as contained in this Order unless the provider waives the inclusion of all or some of such terms by executing a knowing written waiver, attached and incorporated herein as Appendix I. A copy of any and all such waivers shall be sent to plaintiffs' counsel within ten (10) business days of execution.

III. In the event a provider does not have a written contract or the payment procedures of this Order are incorporated via contract, the following payment procedures shall apply:

  a. For special education placements and services, a provider may submit actual invoices for services rendered by the 5th or the 15th of the month following the month in which services were provided (or, when the 5th or the 15th is not a business day, the first business day thereafter). All invoices must be submitted by mail, express mail, or hand-delivery, to the DCPS Office of the Chief Financial Officer.

    • Invoices submitted by mail must be addressed to the Post Office Box established by the Office of the Chief Financial Officer;

- Invoices submitted by express mail (*e.g.*, FedEx, UPS) or by hand delivery must be delivered to the Office of the Chief Financial Officer, 825 North Capitol Street, 7th floor.

b. Defendants shall date-stamp all invoices on the same day they are received and, upon contemporaneous request, shall provide receipts for hand-delivered invoices.

c. Payments shall be made (available for pick-up or postmarked and mailed) on or before the 30th day, *i.e.*, by the 5th or 15th of the following month (or, when the 5th or the 15th is not a business day, the first business day thereafter).

d. Invoices not received by the 5th or 15th of the month will be processed as if received on the next invoice due date, be it the 5th or 15th. Providers have the sole discretion whether to submit any given invoice by the 5th or 15th of a month.

e. Invoices shall include the following information for each student: (1) student name, date of birth, and DCPS ID#; (2) the tuition rate and time period covered by rate, *i.e.*, semester, month (for special education schools and residential facilities); (3) the number of days billed for on the invoice; (4) an itemization of the related services provided, including the unit of service (*e.g.*, per hour, day, week, month), the frequency of service (*e.g.*, number of hours, days), and the rate per unit of service (for example, cost per hour), this information may be provided by attaching a rate sheet or similar documentation when appropriate; (5) the student's Medicaid number (if the student is approved for Medicaid); and (6) dates of the student's attendance.

IV. Alternative payment arrangements are subject to the following:

a. Providers may request alternative payment arrangements from the DCPS Office of Special Education. If alternative payment arrangements are agreed to between DCPS and the provider, the arrangement shall be reduced to writing and copies shall be sent to plaintiffs' counsel and the Special Master. Alternative payment arrangements shall not be effective until copies have been sent to plaintiffs' counsel and the Special Master.

b. If a provider's request for an alternative payment arrangement is denied by DCPS, that provider may petition the Office of the Special Master for an exception. The Special Master may recommend an exception to the payment procedures contained in the Order for good cause shown.

- In seeking such an exception, the provider must submit to the Special Master the reasons for such a request, including evidence that the absence of an alternative arrangement will pose a substantial risk of harm to the provision of services to class members.

- The provider shall also offer written assurance that the provider will issue a pro-rated refund, or credit upon mutual agreement, to defendants when DCPS has prepaid for a student's placement and, during the period covered by the prepayment, the student's placement is changed pursuant to procedures established by the Individuals with Disabilities Education Act ("IDEA"), or to the extent of any discrepancy between the amounts prepaid by defendants and the services actually delivered by the provider.

> Issues regarding such discrepancy are to be resolved by the Special Master as part of the dispute resolution process set forth in this Order.
>
> - Any recommendation by the Special Master shall include an effective date for the alternative payment arrangement; however, the parties (plaintiffs and defendants) may file objections pursuant to Rule 53 of the Federal Rules of Civil Procedure.
>
> - If DCPS asserts that a pro-rated refund or credit is owed by the provider, that matter may be referred to the Office of the Special Master pursuant to the dispute procedures described in Section VI, below.

V. The procedure for raising, and responding to, disputes over charges submitted on an invoice shall be as follows:

   a. If defendants dispute any charges submitted on an invoice, or the adequacy of the information provided, defendants shall pay the undisputed amount of the invoice within the deadlines described above and provide a written dispute notice by facsimile, where available, to the provider no later than twenty (20) calendar days after the invoice was received, and shall place such notice in the U.S. Mail on the same day. If defendants fail to provide a timely and complete dispute notice (including related documentation), the amount invoiced by the provider will be considered accepted by the defendants and no longer in dispute.

   - The dispute notice shall include a detailed description of the basis for the dispute, including any and all policies relied upon, the name(s) of the students(s), identification of the specific service(s) being disputed, date(s)

of the service(s) being disputed, the DCPS invoice identification number, and sufficient documentation to support the reasons for disputing any outstanding amount(s).

- If defendants' dispute is based upon a cost sheet, IEP, hearing officer decision ("HOD"), Court Order, settlement agreement, policy and/or other administrative documentation, a copy of the relevant portions of such cost sheet, IEP, HOD, Court Order, settlement agreement, policy and/or other administrative documentation relied upon by defendants shall be included with the dispute notice. The provider may request that complete copies of such documents be furnished if necessary for full consideration of the issues in dispute.

- If the defendants' dispute relates to charges for related services, in addition to the information listed above, the dispute notice shall also clearly indicate the students' name, date(s) of disputed service(s), each specific related service being disputed, amount disputed and the detailed basis for the dispute.

- A copy of any and all dispute notices, including all related documentation shall be copied to plaintiffs' counsel.

b. If a provider disagrees with the amount disputed by defendants, it must submit to the District of Columbia Public Schools' Office of Special Education, in writing, with supporting documentation, reasons for its objection no later than fourteen (14) calendar days following receipt of a dispute notice, referencing the DCPS invoice identification number. Receipt of the dispute notice is

effective upon hand-delivery or three days after the postmark of a mailed dispute. If a provider fails to submit a written objection within this timeframe, then the amount paid by the defendants will be understood to be accepted by the school or provider as payment if full.

- If the provider is relying upon a cost sheet, IEP, HOD, Court Order, settlement agreement, and/or other administrative order other than that supplied by defendants with the dispute notice, a copy of the relevant portions of such cost sheet, IEP, HOD, Court Order, settlement agreement, policy and/or other administrative documentation relied upon by the provider shall be included with the written objection. DCPS may request that complete copies of such documents be provided if necessary for full consideration of the issues in dispute.

- If the provider objects to a dispute notice based upon related service charges incurred during a student's absence, the provider shall include verification of costs incurred by the provider for that service.

- If a provider needs additional time to obtain necessary documentation, a letter detailing the reasons for the objections shall be submitted to the Office of Special Education and the letter shall indicate that additional time is requested. The defendants shall not deny a request for additional time to obtain documentation if 30 days or less is requested, and shall not unreasonably deny requests for longer extensions of time to obtain necessary documentation.

    c. If defendants continue to dispute all or part of an invoice after receiving a provider's written objection and documentation as set forth in subparagraph (b) above, within ten (10) business days of receipt of such objection defendants shall issue a written rejection of any claim of the provider and the reasons for the rejection. Receipt of a provider's objection is effective upon hand-delivery or three days after the postmark of a mailed objection. A copy of any written rejection, including the reasons therefore, shall be contemporaneously sent to plaintiffs' counsel.

    d. A written rejection as set forth in subparagraph (c) will serve as the final administrative decision of the defendants. Receipt of a final administrative decision is effective upon hand-delivery or three days after the postmark of such decision. Failure by defendants to timely issue a final administrative decision in response to a provider's written objection will obligate defendants to pay the disputed amount.

VI. Disputes regarding payment of an invoice shall be resolved as follows:

    a. If a provider is not fully satisfied with the defendants' final administrative decision, the provider may file a request for a proceeding to determine findings of fact and recommendations for resolution with the Office of the Special Master. Such a request must be filed within ten (10) business days of receipt of the final administrative decision of defendants and copies shall be mailed to the DCPS Office of the General Counsel and plaintiffs' counsel. Receipt of a hearing request is effective upon fax confirmation, hand-delivery, or three days after the postmark of a mailed objection. Failure by the provider

to file a timely request for a proceeding before the Special Master will represent the provider's acceptance of the amount paid to date by defendants as payment in full.

b. Upon receipt of a proceeding request, the Office of the Special Master shall schedule a pre-hearing conference between the provider, defendants, plaintiffs' counsel, and the Special Master within ten (10) business days of the proceeding request, unless otherwise agreed. This conference may be by telephone at the Special Master's discretion. The provider and parties shall attempt to clarify and resolve all outstanding issues, and if settlement is not reached, a hearing date shall be set by the Special Master. The hearing date shall be within twenty (20) calendar days of the pre-hearing conference unless the parties, the provider, and the Office of the Special Master agree to a continuance.

c. Within 30 days after the proceeding, the Special Master or her designee shall issue a written report with findings and recommendations for resolving the dispute and shall file such report with the Court and provide copies to the DCPS Office of the General Counsel, provider presenting the dispute and plaintiffs' counsel.

d. With respect to any report filed by the Special Master or her designee pursuant to this paragraph, the defendants' and plaintiffs' counsel shall be provided with any opportunity under FRCP Rule 53 to raise any objections or defenses that are warranted. Upon a full review of the arguments presented by

      counsel, the Court will decide whether or not to affirm the Special Master's recommendations or take some other action.

e. A hearing on the dispute shall be held before the Special Master or her designee. Formal rules of evidence and civil procedure shall not apply; however, each litigant shall have the opportunity to present a case and submit supporting documentation. Upon the request of any litigant or plaintiffs' counsel, a proceeding shall be recorded.

f. In the event a dispute is resolved in favor of a provider, defendants shall pay interest on any unpaid amount from the date of the final administrative decision until the date a check is cut by the District of Columbia Treasury. Interest shall be calculated as recommended by the Special Master or her designee upon resolution of the payment dispute or at the rate on judgments if no rate is specified. When the dispute concerns DCPS' request for a refund, or offset, interest owed to DCPS, if any, on any excess payment made to a provider shall be calculated as recommended by the Special Master upon resolution of the payment dispute.

g. Upon the Special Master's finding that a dispute between defendants and a provider has resulted in circumstances that pose an imminent risk of harm to a class member's placement, the Special Master's recommendation that an Order for preliminary relief be entered to address that risk, and the parties' oral arguments, the Court may order preliminary relief pending final resolution of a dispute hearing, including payment to a provider up to the amount in dispute. The Court may accept, reject or modify the Special

Master's recommendations. An Order entered under this provision remains subject to a later determination by the Court pursuant to Rule 53 and the Court may Order that any monies erroneously paid be promptly refunded, and may Order interest on such monies.

VII. This Order also requires the following:

a. Defendants shall give written notice, informing all providers serving class members of the deadlines and requirements set forth above, with said notice to be mailed by defendants, first-class, postage prepaid, within five (5) business days of entry of this Order,

- A copy of the actual notice sent and a list of recipients, including addresses and contact information, shall be provided to plaintiffs' counsel on the same day.

- The written notice shall contain contact information regarding where invoices are to be sent each month and who to contact to verify receipt of the invoice.

- Hereafter providers that commence serving, or negotiating a contract to serve, class members shall be provided a copy of this Order and the name, address, and telephone number of plaintiffs' counsel, at the commencement of any contract negotiations or upon disclosure to defendants that the provider intends, or has commenced, to deliver services to class members, whichever occurs earlier.

b. For all payments made pursuant to this Order, defendants shall make best efforts to mail checks to the providers, first-class postage prepaid, by no later

than the day after they are cut; however, any provider may have its check held for pick-up upon advance written request to defendants at least fourteen (14) calendar days prior to the payment due date. Defendants and providers may agree to alternative arrangements for delivery of payment. If alternative arrangements are agreed to, the arrangements shall be reduced to writing and copies shall be sent to plaintiffs' counsel and the Special Master.

c. Defendants shall date-stamp all documentation, invoices, and correspondence (however titled) received pursuant to the payment procedures described in this Order and shall provide the name address, telephone number, and e-mail address of a person to contact to verify receipt of such items. Documentation, notices, and correspondence (including dispute notices, final administrative decisions, and other material, however titled) sent by the defendants pursuant to the payment procedures described in this Order shall be dated the same date they are placed in the U.S. Mail or are hand-delivered.

d. Defendants shall provide plaintiffs' counsel, and all providers serving class member(s), with the name, title, address and telephone number of a person or person(s) responsible for resolving payment disputes.

e. On or before the 15th of each month, defendants shall file with the Court and serve on plaintiffs' counsel a list of all private schools or facilities or related service providers who have served class members (whether under contract or not) at any time during that school year (*i.e.*, July 1 through June 30). Defendants shall also file with the Court and serve on plaintiffs' counsel an invoice payment tracking report and an invoice dispute tracking report.

- The invoice payment tracking report shall include a list of payments made the preceding month, as well as all outstanding invoices subject to this Order from the date of the immediate preceding invoice payment tracking report through the end of the reporting period, noting: the invoice number, vendor name, invoice date, invoice date of receipt, payment due date, invoice amount, and disputed amount, dispute notice date due, date dispute notice sent, amount paid, check date, check number, payment approval date, payment approval status, and payment status.

- For each provider with outstanding payment disputes, the invoice dispute tracking report shall include: the vendor name, invoice number, service period, whether the provider has a service contract with DCPS, the student's name, date of the invoice, status of dispute review, invoice amount, date the dispute letter was mailed, date of vendor's response to dispute, reason for dispute, and status of the dispute (for example: proceeding requested, waiting for information from provider and description of information requested, all information received and under negotiation).

- Upon request, defendants shall provide plaintiffs' counsel with a copy of any contract for provision of services to class members.

- Student confidentiality shall be protected in a mutually agreed format or, if the parties are unable to agree, by filing the identifying information under seal.

f.  The provisions of this Order, including the provisions establishing two payment cycles, shall become effective on January 1, 2005. The Court's previous payment Order of October 11, 2002 shall continue in effect until that time.

g.  Within five days of this Order, defendants shall provide plaintiffs' counsel and the Special Master with copies of all directives, guidelines, policies, or rules (whether emergency, temporary, interim, proposed or otherwise) currently in existence pertaining to or with a potential impact on payments for special education or related services.

h.  If defendants seek to amend or promulgate any directive, guideline, policy, or rule (whether emergency, temporary, interim, proposed or otherwise) pertaining to or with a potential impact on payments for special education or related services, it shall be provided to the Special Master and plaintiffs' counsel 45 days prior to the proposed date of implementation. However, if defendants seek emergency legislation from the Council of the District of Columbia pertaining to or with a potential impact on payments for special education, defendants shall provide plaintiffs' counsel and the Special Master with copies of such proposed legislation no later than 10 days prior to its introduction.

i.  In consultation with the parties, the Special Master shall prepare a report regarding the costs and implementation of the payment system described herein on or before May 15, 2005 and file the report with the Court. Upon consideration and review of such report, the parties shall attempt to reach agreement regarding any modifications or extensions of this Order. If the parties are unable to reach

agreement, either party or the Special Master may request a status proceeding before the Court to review this matter. This Order shall remain in effect pending such requests.

j.  This Order shall not be construed to modify, replace or supercede U.S. or District of Columbia laws regarding fraud.

k.  This Order shall not be construed to modify, replace or supersede any prior Order of the Court in this matter, or any portion thereof, including but not limited to the March 17, 1995, June 29, 1995, August 28, 1996, August 25, 1997, September 1, 1998, September 24, 1999, October 17, 2000, August 2, 2001, except as specifically set forth herein.

IT IS SO ORDERED.

DATE: 11/5/04

PAUL L. FRIEDMAN
United States District Judge

Copies To:

Lisae C. Jordan, Esq.
University Legal Services
220 I Street, NE, Suite 130
Washington, DC 20002

Daniel Rezneck, Esq.
Office of the Attorney General
441 Fourth Street, NW
Sixth Floor, North
Washington, DC 20001

Laurel Pyke Malson, Esq.

Aryeh S. Portnoy, Esq.
Crowell & Moring
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004

Veleter M.B. Mazyck, Esq.
Lee Rideout, Esq.
Office of the General Counsel
DC Public Schools
825 North Capitol Street, NE, Ninth Floor
Washington, DC  20002

Elise Baach, Esq.
Special Master
1201 F. Street, NW Suite 500
Washington, DC  20004

APPENDIX I

**Notice Regarding Payment Procedures in Contract
Between the District of Columbia Public School System
and a Provider of Special Education or Related Services**

Pursuant to the case, *Petties, et al. v. D.C., et al.*, Civil Action No. 95-0148 (PLF), providers of special education or related services have a right to be paid in accordance with process described in an Order dated _____ [date Order signed] ("Payment Procedures").

You may waive the inclusion of all or some of the specific terms of the payment process and negotiate other terms that are mutually agreeable to you the District of Columbia Public Schools (DCPS). This waiver must be knowing and written.

**Waiver**

This waiver is regarding a contract dated _____ between DCPS and

_____

_____

_____

I, _____ (provider), have received a copy of the

Court's Order
dated_____.

After reviewing this Order, I elect to:

_____ Include the Payment Procedures of the Order in the contract with DCPS.

_____ Waive the provisions of some of the Payment Procedures:

   Subparagraphs _____
   shall be included in the contract.

   Subparagraphs _____
   will not be included in the contract.

_____ Waive all the Payment Procedures of the Court's Order.

Signed: _____   Date: _____