IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY LASTER, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|         v. | ) Civ. Action No.05-1875(RMU) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

### MOTION FOR LEAVE TO WITHDRAW APPEARANCE AS COUNSEL FOR PLAINTIFFS LESLIE JACKSON AND A.J.P.

Pursuant to Rules 7 and 11 of the Federal Rules of Civil Procedure and to Local Civil Rule 83.6 (c), Counsel for Plaintiffs Leslie Jackson and A.J.P. moves the Court for leave to withdraw her appearance as their attorney.

The grounds for this motion are set forth in the accompanying memorandum of points and authorities.

                                        Respectfully submitted,

                                        Karen D. Alvarez
                                        D.C. Bar No. 423186
                                        1442 Foxhall Road, N.W.
                                        Washington, D.C. 20007
                                        202.333.8553
                                        202.333.1546 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY LASTER, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|         v. | ) Civ. Action No. 05-1875(RMU) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFFS
LESLIE JACKSON AND AJP**

Counsel for plaintiffs Leslie Jackson and her son A.J.P. asks the Court for leave to withdraw her appearance, on the grounds that the attorney-client relationship has been irretrievably broken and that, as a consequence, counsel can not fulfill the obligations imposed upon her by Rule 11 of the Federal Rules of Civil Procedure. Ms. Jackson has not consented to this Motion. Defendants have consented to this Motion.

**I.
LAW**

Local Rule 83.6 requires that an attorney who seeks to withdraw her appearance apply, by motion, for the Court's leave to withdraw. Loc.Civ. R. 83.6(c). The Court may deny an attorney's motion for leave to withdraw if the withdrawal would (1) unduly delay trial of the case, or (2) be unduly prejudicial to any party, or (3) otherwise not be in the interest of justice. Loc. Civ. R. 83.6 (d).

2

## II.
## ATTORNEY-CLIENT RELATIONSHIP IS IRRETRIEVABLY BROKEN

**1. Attorney Discharged in Companion Action**

During the course of October and November 2005 Counsel's relationship with the Jackson Plaintiffs broke down. Ex. A at Para. 2. On October 26, 2005 Counsel advised Ms. Jackson that she should consider obtaining substitute counsel. Id. On January 16, 2006 Ms. Jackson discharged Counsel as her attorney in the companion proceeding before the Student Hearing Office. Ex. B at 2 (redacted telefax transmission of Jan. 16,2006); Ex. A at Para. 3. In her letter of that date, Ms. Jackson also informed Counsel that she expected Counsel to continue to represent her in this action. Ex. B at 2-3.

**2. Client Revoked Consent to Release Information January 2006**

On January 17, 2006 Ms. Jackson revoked her consent to the release to counsel of any information regarding A.J.P. Ex. C (redacted e-mail letter of Jan. 17, 2006); Ex. A at Para.3. As a consequence, Counsel can not seek documents, evaluation reports, educational records concerning him, can not obtain information concerning him from third parties, can not speak with persons providing him educational or related services, can not obtain copies of invoices submitted by any such provider, and can not obtain information concerning other administrative

3

or judicial proceeding involving him. Ex. A at Para. 3; see Ex. D (consent to release executed Aug. 24, 2005).

### III.
### WITHDRAWAL EFFECTS NO PREJUDICE TO PARTIES OR COURT

**1. Notice to Client of Intent to Withdraw Given February 2006**

On February 10, 2006 Counsel informed Ms. Jackson, in writing, that Counsel would move to withdraw her appearance as attorney for the Jackson plaintiffs on the earlier of this Court's decision of Defendants' motion to alter judgment or the filing by Defendants of any motion in this action. Ex. E. at 4-5 (redacted telefax transmittal of Feb. 10, 2006); Ex. A at Para.4.

2. **No Trial Date Has Been Set in This Action**

No trial date has been set in this action.

3. **Defendants Are Not Prejudiced by Counsel's Withdrawal**

Defendants have consented to Counsel's withdrawal. They suffer no detriment from Counsel's withdrawal.

4. **The Jackson Plaintiffs Suffer no Undue Prejudice**

Approximately seven months have passed since Ms. Jackson was notified in February 2006 that Counsel would move for leave to withdraw at this juncture, and some ten months have passed since this Court entered its Order of Stay Put injunctive relief. The Jackson Plaintiffs have obtained the principal part of the relief that they requested.

5. **Plaintiff Can Represent the Jackson Plaintiffs or Retain Substitute Counsel**

Ms. Jackson is an attorney, admitted to the Bar 13 years ago, who has had trial experience in federal district court. Ex. A at Para. 5. In the companion due process hearing before the student hearing office, the Jackson Plaintiffs either are represented by substitute counsel, or are represented by Ms. Jackson. The Jackson Plaintiffs, would suffer no prejudice as a consequence of Counsel's withdrawal, since Ms. Jackson either already has alternate counsel who could appear on her behalf in this action, can obtain alternative representation, or, can represent herself and her son in these proceedings.

## IV.
## COUNSEL CAN NOT FULFILL HER OBLIGATIONS TO THE COURT UNDER RULE ELEVEN

Rule 11 of the Federal Rules of Civil Procedure requires that an attorney sign every pleading, motion, response or paper filed with this Court. Fed R. Civ. Pro. 11 (a). Rule 11 mandates, inter alia, that an attorney conduct an independent inquiry into the evidentiary support for any allegations or factual representations in any paper filed in this Court. Id. R. 11 (b).

Ms. Jackson's revocation of her consent to release of information regarding her son makes it impossible to conduct any independent investigation into the evidentiary basis of any allegation or statement of

any document that Counsel might, if required to continue to represent the Jackson Plaintiffs, be required to submit to this Court.

Rule 11 requires that Counsel withdraw her appearance. Counsel, accordingly, respectfully requests that the Court grant her leave, effective immediately, to withdraw her appearance as attorney for the Jackson Plaintiffs.

                        Respectfully submitted,

                        Karen D. Alvarez
                        D.C. Bar No. 423186
                        1442 Foxhall Road, N.W.
                        Washington, D.C. 20007
                        202.333.8553
                        202.333.1546 (Fax)

## **NOTICE**

**This is to notify you, in accordance with Local Civil Rule 86.3, that (1) you should obtain other counsel, or (2), if you intend to conduct the case yourself, or (3) to object to the withdrawal, you should notify the Clerk of the Court in writing within five days of service of the motion.**

## CERTIFICATE OF SERVICE

I certify that a copy of (1) this motion for leave to withdraw appearance as attorney for the Jackson Plaintiffs, (2) the accompanying notice pursuant to Local Civil Rule 83.6, (3) Declaration of Counsel, (4) exhibits A-E, and (5) text of proposed order were served upon Leslie T. Jackson, by overnight mail, at 235 Oglethorpe Street, N.W., Washington, DC 20011, by telefax to 202.727.0440, and by e-mail to Ajackson @ aol.com on June 3, 2006.

/s/ _____

Karen D. Alvarez