IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY LASTER, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|        v. | ) Civ. Action No.05-1875(RMU) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
|    Defendants. | ) |
| _____ | ) |

### REPLY TO JACKSON PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO WITHDRAW APPEARANCE AS COUNSEL FOR PLAINTIFFS LESLIE JACKSON AND A.J.P.

On August 3, 2006 counsel for Plaintiffs Leslie Jackson and A.J.P. filed her motion for leave to withdraw as their attorney. Plaintiff Leslie Jackson filed her Opposition thereto on that same date. Ms. Jackson's Opposition was telefaxed to Counsel on August 4, 2006.[1] As discussed in detail below, the Jackson Plaintiffs' Opposition presents no evidence that counsel's withdrawal would (1) unduly delay trial of the case, or (2) be unduly prejudicial to the Jackson Plaintiffs, or (3) otherwise not be in the interest of justice.

Plaintiffs' Opposition demonstrates that the Jackson Plaintiffs will continue to deny Counsel access to the information that she requires in order to fulfill her obligations under Rule 11 and under the Code of Professional Responsibility ("Code"). Plaintiffs' conduct places their

attorney in an untenable position. Applicable provisions of the Code variously entitle Counsel to withdraw and, as interpreted by the courts, may mandate that she withdraw. See Code Rule 1.16 (a)(1), (b)(6), (b)(7),DR 2-110 (C)(1); Whiting v. Lacara , 187 F.3d 317, 322-323 (2d Cir. 1999). Accordingly, Counsel requests that the Court grant her leave to withdraw.

## THE JACKSON PLAINTIFFS HAVE ACCESS TO SUBSTITUTE REPRESENTATION

### 1. Ms. Jackson is an Experienced Trial Attorney, Able to Represent the Jackson Plaintiffs

The Opposition acknowledges that Ms. Jackson is an attorney, does not dispute that she has been admitted to practice since 1994, and acknowledges that she has trial experience in this Court. Opposition at 1, 2. The Opposition does not assert that Ms. Jackson is unable to represent herself and her son. Opposition at 2. It states only that Ms. Jackson believes that " it would not be prudent" for her to do so. Id.

### 2. Obtaining Alternate Representation Imposes No Hardship on the Jackson Plaintiffs

The Opposition does not dispute that the Jackson plaintiffs can obtain alternate representation. See id. at 1, 2. It does not assert any inability, financial or otherwise, to retain substitute counsel. See id. at 1, 2. It does not assert any hardship in connection with obtaining substitute counsel. See id. at 1, 2. The only statement contained in the

---

[1] See Exhibit C, hereto.

Opposition that addresses the question of substitute counsel makes it clear that the Jackson Plaintiffs anticipate that they can do so. Id. at 2 (requesting time to arrange for substitute counsel if Court grants motion for leave to withdraw).

### 3. The Proceedings before the Student Hearing Office Are On-Going

The Jackson Plaintiffs' Opposition does not offer any facts as to the status of the proceedings before the Student Hearing Office or concerning their representation before those proceedings. See id. at 1.

The Opposition neither confirms nor denies that those proceedings are on-going. Id. Its juxtaposition of statements concerning those proceedings might, nevertheless, be read to suggest that those proceedings have been concluded. See id. at 1 (stating that "Ms. Jackson sought other counsel'" to represent her before the Student Hearing Office) (then, differentiating discharge in that proceeding from opposition to withdrawal in this proceeding when stating that "the case [before this Court] is still ongoing and A.J.P.'s rights may be prejudiced") (Emphasis added).  It is clear, however, that the Due Process proceeding is still underway. See Letter of Laurine Kennedy (attached as Exhibit 8 to the Jackson Plaintiffs' Opposition, posted as pp. 16-18 of Exhibit to Docket Doc. 41) (wages of classroom aide still being paid by DCPS pursuant to September 2005 Stay Put Order); Exhibit B to Defendants' Response to Order to Show Cause (history of payment of invoices submitted under Stay Put Order) (showing on-going payments to Laurine Kennedy).

## 4. The Jackson Plaintiffs' Representative Below Can Represent Plaintiffs before This Court

Counsel's Motion for Leave to Withdraw argued, inter alia, that the Jackson Plaintiffs either were represented by other counsel at the Student Hearing Office level or were represented there by Ms. Jackson and that, whichever was the case, there is no apparent reason why that same representation might not be carried over into the action before this Court. Motion at 8.

The Opposition does not address that argument or the factual issues underlying it: it neither confirms nor denies that the Jacksons are represented by substitute counsel at the Hearing Office level; it neither confirms nor denies that the Jacksons are represented by Ms. Jackson at the Hearing Office level. See id at 1, 2.  No declaration that might clarify these issues is provided. See id. at 1, 2 and Exhibits thereto.

At this stage in the proceedings of both this Court and the Student Hearing Office, it is the hearings below that will have, by far, the greater long term impact on A.J.P.'s education. The issues of A.J.P.'s evaluation, programming and placement over the next years will be determined at the Student Hearing Office. See Jackson Due Process Complaint (attached as Exhibit W to the Laster Plaintiffs' Sept. 22, 2005 Motion for Temporary Restraining Order).

The Opposition offers no reason why the Jackson Plaintiffs' representative below can not assume their representation here. See id.

4

It does note that Ms. Jackson is not an "education attorney." Id. at 2. But, if Ms. Jackson has elected to represent the Jackson Plaintiffs below, where the long term consequences for A.J.P.'s educational programming are greater, then Ms. Jackson, in fact, is comfortable with matters of education law. On the other hand, if the Jackson Plaintiffs are represented by substitute counsel at the Hearing Office level, then it would appear that there is available substitute counsel who already is familiar with the legal and factual issues of A.J.P.'s claim. In either event, the Jackson Plaintiffs have representation below--- who already is familiar with the facts and issues underlying A.J.P.'s claims--- that might be carried over here without delay whatsoever.

### THE JACKSON PLAINTIFFS SUFFER NO PREJUDICE AS A CONSEQUENCE OF COUNSEL'S WITHDRAWAL

**1. Opposition Shows No Prejudice**

The Opposition recites no fact or reason to believe that Counsel's withdrawal would prejudice Plaintiffs. See id. at 1, 2.  At most, the Jackson Plaintiffs' assertions support a conclusion that Counsel's withdrawal might cause them inconvenience. See id. at 2 (asserting requirement only of an "education attorney") (requesting time to obtain alternate representation if Court grants leave to withdraw).

**2. Withdrawal Does Not Disadvantage Plaintiffs**

The Jackson Plaintiffs have received all of the relief requested in their motion for Stay Put relief and continue to benefit from the

protection provided by this Court's Stay Put Order. Most of the legal and many of the factual issues raised in the <u>Laster</u> Plaintiffs' Complaint were resolved in this Court's Orders of September 26, 2005 and July 17, 2006. A schedule for motions for summary judgment on remaining issues in the Complaint has not yet been set. Plaintiffs suffer no disadvantage from withdrawal at this stage. <u>See</u> <u>Fidelity Nat'l Title Insurance Co. v. Intercounty Nat'l Insurance Co.</u>, 310 F.3d 537, 541 (7th Cir. 2002)(motion to withdraw in quiet period before trial, when substitution of counsel is relatively simple, does not disadvantage client).

3. **Plaintiffs Received Notice of Reasons and Timing of Motion to Withdraw Sufficient to Avoid Any Inconvenience to Them**

In these circumstances, Plaintiffs are in no respect disadvantaged by Counsel's withdrawal. If Plaintiffs are inconvenienced by Counsel's withdrawal, that inconvenience might have been avoided had Plaintiffs taken any steps to provide for alternate representation here when Counsel notified Plaintiffs on February 10, 2006 that she would move for leave to withdraw, stated the reasons for her withdrawal and gave them notice of the point at which she would file her motion to withdraw. <u>See</u> Transmittal of Feb. 10, 2006 at 4 (attached as Ex. E to Motion for Leave to Withdraw Appearance)(attorney will withdraw because of limitations placed by Plaintiffs on access to information that deprive counsel of reasonable factual basis for fulfilling professional responsibilities and for making decisions )(attorney will move to withdraw upon Court's decision of Defendants' motion to reconsider, but if show cause hearing is held,

6

counsel will move to withdraw before that hearing, if any intervening motions are filed by Defendants counsel may have to file her motion for withdrawal at that time). Cf. Fidelity Nat'l, supra, 310 F.3d at 541 (forbearance of counsel in postponing filing of motion to withdraw until stage of litigation completed benefited client and protected client's interest)(client's receipt of that benefit does not compel continuance of representation).

**ATTTORNEY CAN NOT FULFILL PROFESSIONAL RESPONSIBIITIES AS A CONSEQUENCE OF PLAINTIFFS' REFUSAL TO PROVIDE ACCESS TO INFORMATION**

**1. Jackson Plaintiffs' Opposition Acknowledges Breakdown of Attorney-Client Relationship**

The Opposition acknowledges that counsel and client were unable to agree on matters concerning Counsel's representation of Plaintiffs, and that, as a consequence, Plaintiff discharged Counsel in the Student Hearing Office proceedings. Id. at 1. Plaintiffs offer no reason to suppose that an attorney-client relationship that could not function at the administrative level can be expected to function in this action. See id at 1, 2.

**2. Jackson Plaintiffs' Acknowledge Actions That Prevented Compliance with Professional Obligations**

Indeed, Plaintiffs' Opposition acknowledges that after discharging counsel at the administrative level, Plaintiff took action that had the direct effect of making continued representation of Plaintiffs in this Court impossible. See id. at 1-2 (acknowledging that Plaintiffs revoked consent

to release of information to attorney following discharge). Plaintiffs were informed by counsel that the limitations imposed by that revocation and other actions made it impossible for her to fulfill her professional responsibilities. Transmittal of February 10, 2006 at 4 (attached as Exhibit E to Motion for Leave to Withdraw Appearance as Attorney). The Jackson Plaintiffs do not contend that they took any voluntary action, between February 10, 2006 and August 3, 2006, to eliminate the constraints they imposed on Counsel's ability to fulfill her professional obligations.

### 3. Jackson Plaintiffs Continue to Deny Attorney Access to Information Held by Third Parties

The Jacksons submit with their Opposition, as evidence of their awareness of the obligations imposed by Rule 11 and their decision to grant counsel access to information, a letter that ostensibly is a consent to release of information. See Opposition Exhibit 3 (p. 22 of Exhibit to Docket Doc. 41) (single-page letter of Aug 3, 2006 addressed to Counsel and signed by Ms. Jackson).

Plaintiff's letter of August 3, 2006 would not be accepted by any third party as constituting a sufficient basis for the release of confidential information concerning A.J.P. to Counsel. See id. That letter is not addressed to any third party who might possess that information, does not authorize or direct any third party to release any category or type of information, does not contain any of the language required by the D.C. Mental Health Information Act, D.C. Stat. Sections 7-1201.01, 1201.02,

8

1202.02, in order to authorize release of information held by psychologists and psychiatrists, does not does not identify A.J.P. by date of birth, and does not state that Ms. Jackson is his mother or otherwise is authorized to consent to release of information concerning him. See id. Compare Exhibit D to Motion for Leave to Withdraw Appearance (August 2005 consent to release of information executed by Ms. Jackson).

The Jackson Plaintiffs' Opposition states that Ms. Jackson's letter of August 3, 2006, was drafted for the express purpose of eliminating the concerns expressed in Counsel' motion to withdraw. Id. at 2 (citing letter and stating that Ms. Jackson will permit counsel to verify information) (stating that letter should satisfy any reservations or issues with representation).  The Jackson Plaintiffs had immediately to hand, in the form of Exhibit D to Counsel's Motion for Leave to Withdraw her appearance, an example of a form of consent to release of information that they knew had been effective in providing Counsel access to information held by third parties. The Jackson Plaintiffs elected not to utilize that form of consent.

**4. Other Obstacles to Obtaining Information Also Persist**

The problems Counsel confronts as a consequence of the Jackson Plaintiffs' on-going refusal to give Counsel direct access to information held by third parties are compounded by other difficulties in obtaining information that counsel has requested.

When asked by Counsel for a declaration stating facts in Ms. Jackson's knowledge, the Jackson Plaintiffs have not complied with Counsel's request. <u>Compare</u> Letter of Counsel to Ms. Jackson of July 28, 2006 (attached as Exhibit A hereto) (stating that any response to Defendants' motion to modify Sept. 2005 Order would require supporting declaration of Ms. Jackson or vendor) <u>and</u> Transmittal of Ms. Jackson of Aug. 2, 2006 (attached as Exhibit 8 to Jackson Plaintiffs' Opposition) (enclosing no declaration). <u>See</u> <u>also</u> Letter of Ms. Jackson of Dec. 1, 2005 (attached as Exhibit B hereto) (confirming earlier failure to provide declaration requested by Counsel). <u>C</u><u>ompare</u>, <u>also</u>, Jackson Plaintiffs' Opposition to Karen Alvarez's Motion to Withdraw (attaching no declaration).

## CONCLUSION

Local Civil Rule 83.6 states that an attorney may withdraw unless withdrawal would (1) unduly delay trial of the case, or (2) be unduly prejudicial to the Jackson Plaintiffs, or (3) otherwise not be in the interest of justice. Counsel's withdrawal here, as discussed above and in Counsel's Motion for Leave to Withdraw, would not cause any delay or add any further burden to the management of the Court's calendar. <u>See generally</u>, <u>Whiting v. Lacara</u>, 187 F.3d 317, 321, (2d Cir. 1999) (reviewing decisions) (courts consider whether granting motion would disrupt prosecution of suit) (motions granted where case not presently scheduled for trial). Withdrawal of counsel, at most, would result in some

10

inconvenience to Plaintiffs: it would not impose prejudice, much less the undue prejudice that is the standard for denial of a motion to withdraw under Rule 86.3 (d). Plaintiffs have not asserted that justice prohibits Counsel's withdrawal. See Opposition at 1, 2.

Plaintiffs have had ample notice of Counsel's intention to withdraw, of the reasons for Counsel's withdrawal and of the point at which Counsel would file a motion to withdraw. Neither in response to Counsel's February 2006 notice to Plaintiffs, nor in response to Counsel's motion for leave to withdraw, have the Plaintiffs taken any substantive remedial action. It is apparent, both from the supposed consent to release of information drafted and signed on the date on which they filed their Opposition, and from their most recent failure to comply with a request from Counsel for a declaration, that Counsel will not receive access to the information that Counsel requires in order to fulfill her professional responsibilities.

Justice does not require that an attorney continue representation when doing so would place her in an untenable position. Whiting v. Lacara, 187 F.3d 317, 321, 323 (2d Cir. 1999) (attorney must be given leave to withdraw, even when on eve of trial, where continuing representation would force attorney to violate ethical duties and possibly be subject to sanctions).

Courts have looked to the Model Code of Professional Responsibility ("Code") for guidance in determining motions to withdraw.

Whiting, supra, 187 F.3d at 321; Fidelity Nat'l, supra, 310 F.3d at 540. The Code entitles an attorney to withdraw from representation where the client's conduct has rendered representation unreasonably difficult, R. 1.16(b)(6), DR 2-110 (C)(1)(d), and where other good cause exists, R. 1.16(b)(7).

The Code subordinates attorneys' obligations to clients to those obligations that attorneys owe to the courts under Rule 11. 187 F.3d at 323(analyzing DR 2-110(C)(1)(a) and Fed.R. Civ. P. 11(b)(2)).Where the client's conduct places an attorney at risk for Rule 11 sanctions, the attorney must be given leave to withdraw. Id. at 321,323 (granting leave to withdraw on eve of trial where client insisted on actions violating Fed. R. Civ. P. 11(b)(2))( client conduct that places lawyer at risk for sanctions under Rule 11 creates conflict of interest that makes withdrawal mandatory under Code).

The Jackson Plaintiffs' denial of access to information that Counsel requires in order to comply with her Rule 11 obligations entitles Counsel to withdraw under Code R. 1.16 (b)(6) and (b)(7). Counsel for the Jackson Plaintiffs accordingly requests that she be granted leave to withdraw her appearance as counsel for the Jackson Plaintiffs.

                        Respectfully submitted,

                        Karen D. Alvarez
                        D.C. Bar No. 423186
                        1442 Foxhall Road, N.W.
                        Washington, D.C. 20007

          202.333.8553
          202.333.1546 (Fax)

**CERTIFICATE OF SERVICE**

I certify that a copy of (1) this Reply to Jackson Plaintiffs' Opposition to Motion for Leave to Withdraw Appearance as Counsel for Plaintiffs Leslie Jackson and A.J.P. and (2) exhibits A-C were served upon Leslie T. Jackson, by overnight mail, at 235 Oglethorpe Street, N.W., Washington, DC 20011, by telefax to 202.727.0440, and by e-mail to Ajackson @ aol.com on June 9, 2006.

/s/ _____

Karen D. Alvarez