## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BETTY LASTER *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 05-1875 (RMU) |
| | : | | |
| v. | : | Document No.: | 37 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

### MEMORANDUM ORDER

### GRANTING PLAINTIFFS' COUNSEL'S MOTION FOR LEAVE TO WITHDRAW

### I.  INTRODUCTION

This matter comes before the court on the plaintiffs' counsel's motion for leave to withdraw appearance as attorney for plaintiffs Leslie T. Jackson and her son, A.J.P (collectively, "plaintiffs")[1], pursuant to Local Civil Rule 83.6(c).  The plaintiffs' counsel claims the attorney-client relationship is irretrievably broken and that counsel cannot fulfill her obligations to the plaintiffs before this court.  Because permitting counsel to withdraw at this point would not cause undue delay, unfairly prejudice the parties, or contravene the interests of justice, the court grants counsel's motion.

### II.  BACKGROUND

Counsel has represented the plaintiffs before this court since last September, when the plaintiffs sought, and the court granted, a stay put injunction pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*  The court's resolution of the

---

[1]  There are six plaintiffs in this case, but the motion before the court pertains only to Leslie Jackson and her son, A.J.P.  For ease of reference, therefore, "plaintiffs" as used in this memorandum order refers to Jackson and A.J.P.

plaintiffs' motion for a stay put injunction allowed A.J.P. to remain at his current school pending resolution of an administrative due process review before the District of Columbia Public Schools ("DCPS") ("due process matter").[2]  It is unclear from the record exactly when and why relations between counsel and the plaintiffs became strained, but on January 1, 2006, the plaintiffs terminated their counsel's representation in the due process matter.[3]  Mot. for Leave to Withdraw ("Mot.") Ex. B.  Incident to counsel's termination, the plaintiffs withdrew their authorization and consent for release of health information they had previously granted to their attorney.  Mot. Exs. C & D.

On February 10, 2006, counsel notified the plaintiffs of her intent to withdraw representation of the plaintiffs before this court as soon as this court issued a decision on any pending motions.  Mot. Ex. E-4.  Two motions were pending before the court at the time of counsel's notification, and the court ruled on both of the motions by late July.

Procedurally, the only pending matter in this case is the court's resolution of a show cause order.  In July 2006, the court ordered the defendants to show cause why they should not be held in contempt because they failed to fund A.J.P.'s services and supplemental aides, as required by this court's September 30, 2005 order.  The defendants have responded to the court's

---

[2]     Under the Individual with Disabilities Education Act ("IDEA"), a parent who objects to her child's educational placement may file an administrative due process complaint requesting review of the placement decision.  20 U.S.C. § 1415(b) – (d).  A stay put injunction allows a student to remain at his current school pending the administrative review.  20 U.S.C. § 1415(j); *Andersen by Andersen v. Dist. of Columbia*, 877 F.2d 1018, 1020 (D.C. Cir. 1989).  The plaintiffs filed their administrative due process complaint with DCPS on September 13, 2005.

[3]     Additionally, it is not entirely clear whether the plaintiffs have retained new counsel for the due process matter or whether Jackson, an attorney, is representing herself and her son in that proceeding.  *See* Mot. Ex. B-2 (stating, in the letter terminating counsel from the due process matter, that "other arrangements" have been made for the due process matter); Pls.' Opp'n to Mot. for Leave to Withdraw ("Pls.' Opp'n") at 1 (stating that "it is true, Ms. Jackson sought other counsel for the [due process matter] . . ."); Reply at 4 (suggesting that Ms. Jackson might be representing herself and her son in the due process matter).

order, and the plaintiffs expect to respond to the defendants' show cause response after the court rules on the pending motion to withdraw as counsel. The defendants do not oppose the plaintiffs' counsel's motion to withdraw. Mot. at 4.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion to Withdraw

As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client. *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987) (citations omitted). The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (citing *Fleming v. Harris,* 39 F.3d 905, 908 (8th Cir. 1994) and *Washington v. Sherwin Real Estate, Inc.* 694 F.2d 1081, 1087 (7th Cir. 1982)). When ruling on a motion to withdraw, courts may consider the disruptive impact that the withdrawal will have on the prosecution of the case. *Whiting*, 187 F.3d at 320*; Brown v. Nat'l Survival Games*, 1994 U.S. Dist. LEXIS 16572, at *9-10 (N.D.N.Y. Nov. 18, 1994) (citing *Goldsmith v. Pyramid Commcn's, Inc.* 362 F. Supp. 694, 696 (S.D.N.Y. 1973)).

Additionally, Local Civil Rule 83.6(d) guides the court's ruling on an attorney's motion to withdraw. LCvR 83.6(d). The rule provides that "[t]he court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." *Id*. In reaching its ruling, the court also may consider factors such as the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the

court required him to remain in the case. *Barton v. District of Columbia*, 209 F.R.D. 274, 277-78 (D.D.C. 2002).

### B. The Court Grants Counsel's Motion to Withdraw

In her motion for leave to withdraw, counsel asserts that permitting her to withdraw would not unduly delay trial of this case because no trial date has been set. Mot. at 4. In response, the plaintiffs do not claim that withdrawal of counsel would delay the case, but merely state that the "case is ongoing." Pls.' Opp'n at 1. A court must consider a number of factors in determining whether withdrawal would delay trial of the case. *Honda Power Equip. Mfg. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003). The only matter pending in this case is the defendants' response to the court's show cause order, in which they request that the court lift the show cause order. Resolution of the defendants' request to lift the show cause order, however, will not be affected by the court's grant or denial of this motion to withdraw, as the court's show cause order concerns only the defendants. The plaintiffs have otherwise received all of their requested relief under the court's stay put order. With only one matter pending before this court, counsel's withdrawal will not result in any substantial delay. *But c.f.*, *Byrd v. Dist. of Columbia*, 271 F. Supp. 2d 174, 177 (D.D.C. 2003) (denying counsel's motion to withdraw because the plaintiff would not have sufficient time to prepare for a pending deadline and settlement conference).

Further, the plaintiffs will not be unfairly prejudiced by their counsel's withdrawal.[4] The plaintiffs' counsel notified the plaintiffs of her intent to withdraw approximately six months before she formally submitted the motion to the court. Mot. Ex. E-4. They have had ample

---

[4] Because the defendants have consented to the withdrawal, the court need not consider potential prejudice to the defendants.

notice and time to obtain alternate counsel, and indeed, have contemplated this prospect. *See* Pls.' Opp'n at 2 (requesting time to obtain substitute counsel if the court grants the motion to withdraw). Alternatively, there is no reason why the due process counsel (whether it is Jackson or another attorney) cannot represent the plaintiffs going forward, particularly as resolution of the due process matter will likely impact the status of the instant case. *See, e.g.*, *Honda*, 219 F.R.D. at 6 (allowing the defendants' counsel to withdraw because counsel notified the defendants of their intent to withdraw, the defendants neglected counsel's attempts to contact them, and the defendants had alternate counsel). Furthermore, resolution of the defendants' request to lift the show cause order will not affect the rights of the plaintiffs, who have already received the substance of the relief requested. Given the amount of notice, the plaintiffs' options for substitute counsel, and the strained relationship between the plaintiffs and counsel evident thus far in the proceedings, granting counsel's motion to withdraw will not cause undue delay, unfairly prejudice the defendants, or contravene the interests of justice.

For the foregoing reasons, it is this 6th day of November, 2006, hereby

**ORDERED** that the plaintiffs' counsel's motion for leave to withdraw is **GRANTED**.

**SO ORDERED.**

                                              RICARDO M. URBINA
                                              United States District Judge