UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY LASTER, et al., : | |
| Plaintiffs : | |
| v. : | Civ. Action No. 05-1875 (RMU) |
| DISTRICT OF COLUMBIA, et al., : | |
| Defendants. : | |

## JOINT STATUS REPORT

Pursuant to the Court's April 19, 2007 Minute Order, Plaintiff Leslie Jackson, who is representing herself and her son, A.J.P., pro se, and Defendant District of Columbia, through counsel, respectfully submit this Status Report.[1]

## FACTUAL BACKGROUND

On September 30, 2005, this Court ordered Defendants to "fund all related services and supplemental aids on the plaintiff A.J.P's April 9, 2004 Transition Plan and August 12, 2004 IEP, including speech therapy, occupational therapy, assistive technology, sign language instruction, behavioral management services and a full-time, one-on-one dedicated aide, until the plaintiff's administrative due process complaint is decided and any appeal therefrom is concluded." Initially, providers were to be paid within 15 days of receipt of their invoice. However, the Court modified this Order on October 10, 2006, allowing vendor payments to be made in accordance with the Petties Order; i.e., "service providers for A.J.P. submit invoices for services rendered by the 5th

---

[1] Plaintiffs Betty Laster, T.L., Chanda Alston, and C.A., together with Defendants filed a Stipulation of Dismissal on April 23, 2007.

or 15th of the month following the month in which services were provided…defendants pay the invoices on or before the 30th day, *i.e.*, by the 5th or 15th of the following month."

## CURRENT STATUS

### Plaintiffs' Position

DCPS did not schedule a due process hearing as required under this Court order. AJP was waiting for a due process hearing and mediation session. In lieu of compliance with a resolution session and due process hearing, DCPS sent Ms. Johnson a notice of an IEP meeting, much like the one held which culminated into the need for this Court's intervention. That meeting was scheduled for October 17, 2006. In the spirit of cooperation and concern for AJPS' education Ms. Jackson attended a meeting scheduled by Ms. Johnson. In light of the history and problems that Ms. Jackson has had with DCPS in IEP meetings, prior to the meeting, Ms. Jackson send a written letter to Ms. Johnson indicating that she would like to know who would be attending. Ms. Johnson did not respond to the letter. In addition, Ms. Jackson send a written letter stating that she would tape record the meeting. Ms. Johnson did not send any objection to taping, nor did Ms. Johnson state that any of her invitees would have any objections to taping.

When Ms. Jackson arrived at the meeting, Ms. Jackson began taping and DCPS objected. Bridges Public Charter School ("Bridges") wanted to consent but DCPS was indicating that Bridges should not consent. Because Ms. Jackson was taping, Ms. Johnson called security and had Ms. Jackson removed from the building and indicated that the IEP meeting was over and no further meeting would take place. The whole exchange was tape recorded, should the Court need to review the tape. Ms. Jackson surprised that an honest and accurate person would object to being tape recorded to

assure an accurate record. Now, Ms. Johnson is alleging that the alleged team, after she removed Ms. Jackson telling her that the meeting was adjourned, placed AJP at Barnard in self contained classroom. Barnard is the same school and the same restricted environment (not inclusion) that is not consistent with the stay put order and a due process hearing is required. DCPS has not offered a placement consistent with the stay put order and is still trying to circumvent AJP's rights under law to stay put until the matter is resolved through a due process hearing.

      Two weeks after the meeting, Bridges Public Charter School sent Ms. Jackson a written letter removing AJP from the school. This action was taken because Ms. Jackson would not agree to give up her rights to a due process hearing to discuss placement consistent with the stay put order. Ms. Jackson did not withdraw AJP. Ms. Jackson made other arrangements for AJP's education and AJP is making educational progress that he was not making at Bridges. Ms. Jackson is pleased with AJP's progress and would like to see that progress continue. Ms. Johnson has not called Ms. Jackson since that meeting. Ms. Jackson is willing to provide cell phone records and any other phone records that she can obtain to prove this. Ms. Jackson is unaware of any certified return receipt packages after the meeting but her fax number has remained working and Ms. Johnson is well aware of the fax number if she really was wanted to get in touch with Ms. Jackson.

      After this Court issued its order extending the payment due date from 15 days to 30 days and referenced the <u>Petties</u> case, DCPS construed the Court's order to mean it could withhold payments for longer than 30 days so long as it challenged one aspect or another of the provider invoice (however frivolous) or other form of payment

3

submission.  DCPS has not consistently paid invoices within the 30 day period. Further, DCPS took the position AJP's providers are required to go through a DCPS administrative process (instead of before this Court via motion for contempt) if the provider disputed DCPS's decision on payment.

DCPS's position and refusal has hindered AJP's education.  AJP has had the same dedicated aide since this Court's initial order.  The aide has submitted the same form of payment request since that time and had been paid by DCPS.  However, after this Court's order referencing the <u>Petties</u> case, DCPS (Greg Hall) withheld her payment and sent her a letter indicating that her services were not covered under AJP's IEP.  The letter further stated the aide would have to submit her position in writing and if DCPS disputed her position, she would be required to participate in an administrative hearing to receive payment (which could have taken months). Because of this position, AJP's aide refused to provide services until the matter was resolved.  When Ms. Jackson spoke with Mr. Hall, he stated he did not have a copy of the IEP and ISFP.  Ms. Jackson had to fax these documents and write a letter to Mr. Hall.

When AJP's special instructor, speech and occupational therapists submitted invoices for their services clearly stated on AJP's IEP, they received the same denial and letters placing an undue burden on these providers.  The speech therapist stopped providing services.  AJP's occupational therapist just received payment for services rendered in December and January.  DCPS alleged it did not receive one of her invoices. Leslie Jackson called Veronica Porter, counsel for DCPS, and the matters were eventually resolved.  Sometime after Ms. Porter's intervention, when the special instructor submitted an invoice, DCPS, Greg Hall, held up her payment for one reason or

4

another, even though he had been advised otherwise by Ms. Porter.  The invoice was eventually paid, but not on time.

Since this Court's order, changing the payment terms to 30 days, DCPS has not met its obligation citing one excuse or another without support under this Court's orders and AJP's IEP and ISFP.  When DCPS denied AJP's dedicated aide's November, December 2006 and January 2007 invoices, it erroneously in writing informed AJP's providers that they would have to undergo an elaborate and time consuming DCPS administrative review as opposed to having to answer to this Court.  All providers received written correspondence from DCPS. This unnecessarily scared some of AJP's providers (requesting adequate assurances of payments under this Court order by DCPS), thereby impacting AJP's education.

This type of denial in violation of this Court's authority and direct order placed an undue burden on AJP and AJP's providers, which has hampered AJP's ability to provide consistent services.  AJP needs clarity concerning DCPS's payment instructions so that AJP can receive consistent services without the threat of withholdings of payment and a DCPS administrative review.  The previous order of a 15-day payment schedule is more appropriate under the circumstances.  Notwithstanding, I am pleased to report AJP is making educational progress and, under the circumstances, unfortunately this Court's continued supervision is important and vital for this child's education, consistency and educational progress.

**Defendants' Position**

An IEP meeting was held on October 17, 2006.  Representatives from DCPS, Bridges Public Charter School ("Bridges"), which A.J.P. was attending at the time, and

Ms. Jackson attended the meeting. Zondra Johnson, Supervisor, Early Childhood Special Education Division, and A.J.P.'s case worker, reports that during the meeting, Bridges informed Ms. Jackson that they wanted to transfer A.J.P. into a self-contained classroom. At that point, Ms. Jackson indicated that she wanted to tape record the meeting. DCPS voiced no objection to the meeting being taped. However, Bridges objected to Ms. Jackson taping the meeting, and would not allow her to do so. At that point Ms. Jackson left the IEP meeting.

The meeting continued without Ms. Jackson, and the remaining parties completed the IEP. DCPS recommended and issued a placement notice for Barnard Elementary School.

On two occasions, DCPS sent a copy of the IEP and placement notice, by certified mail, to Ms. Jackson at her address of record: 235 Oglethorpe Street, N.W., Washington, D.C. 20011. Both times, the packages were returned to DCPS, stamped "return to sender" by the U.S. Post Office, because the recipient never picked up the package from the Post Office.

Two weeks after the October, 2006 IEP meeting, Ms. Jackson withdrew A.J.P. from Bridges. Zondra Johnson called Ms. Jackson several times thereafter to find out where A.J.P. is attending school. Ms. Jackson has not returned the phone calls. Undersigned counsel also asked Ms. Jackson where A.J.P is in school, but Ms. Jackson would not provide the information. At this point, no one from DCPS knows where or even if A.J.P. is in school.

There were some problems with vendor payments prior to January, 2007, because DCPS was unable to link the services provided by those vendors to A.J.P. To correct the

6

problem, the Office of the Chief Financial Officer ("OCFO") for DCPS was provided a copy of the Court's September 30, 2005 Order, as well as a list of the vendors submitted by Ms. Jackson. The vendors also received instructions, per the <u>Petties</u> Order, on how to properly submit their invoices.

Since January, 2007, DCPS has been making timely payments to the following vendors: Laurine Kennedy, dedicated aide; Anne Ainsworth, Occupational Therapist; Doreen Martinez, Speech Therapist; and Melanie Davis, Special Instruction. In a conversation with Ms. Jackson on April 26, 2007, Ms. Jackson informed the undersigned that all of the vendors have been paid.

Since A.J.P.'s vendors are being paid, and Ms. Jackson reports that A.J.P. is progressing academically (wherever he is attending school), Defendants believe it is appropriate that this action be closed at this time.

                Respectfully submitted,

                LINDA SINGER
                Attorney General for the
                  District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                */s/ <u>Edward P. Taptich</u>*_____
                EDWARD P. TAPTICH (012914)
                Section Chief
                Equity Section Two

               */s/ Veronica A. Porter*_____
               VERONICA A. PORTER (412273)
               Assistant Attorney General
               Civil Litigation Division
               Equity Section Two
               441 Fourth Street, N.W., Sixth Floor South
               Washington, D.C.  20001
               (202) 724-6651 (phone)
               (202) 727-3625 (facsimile)
               veronica2.porter@dc.gov
               **ATTORNEYS FOR DEFENDANTS**

               */s/ Leslie T. Jackson*
               LESLIE T. JACKSON
               235 Oglethorpe Street, N.W.
               Washington, D.C.  20011
               **PLAINTIFF PRO SE**

**April 27, 2007**