UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY LASTER, et al., | : |
| Plaintiffs | : |
| v. | : Civ. Action No. 05-1875 (RMU) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

## JOINT STATUS REPORT

Pursuant to the Court's May 28, 2008 Minute Order, Plaintiff Leslie Jackson, who is representing herself and her son, A.J.P., pro se, and Defendant District of Columbia, through counsel, respectfully submit this Status Report.[1]

## FACTUAL BACKGROUND

On September 30, 2005, this Court ordered Defendants to "fund all related services and supplemental aids on the plaintiff A.J.P's April 9, 2004 Transition Plan and August 12, 2004 IEP, including speech therapy, occupational therapy, assistive technology, sign language instruction, behavioral management services and a full-time, one-on-one dedicated aide, until the plaintiff's administrative due process complaint is decided and any appeal therefrom is concluded." Initially, providers were to be paid within 15 days of receipt of their invoice. However, the Court modified this Order on October 10, 2006, allowing vendor payments to be made in accordance with the Petties Order; i.e., "service providers for A.J.P. submit invoices for services rendered by the 5th

---

[1] Plaintiffs Betty Laster, T.L., Chanda Alston, and C.A., together with Defendants filed a Stipulation of Dismissal on April 23, 2007.

or 15th of the month following the month in which services were provided…defendants pay the invoices on or before the 30th day, *i.e.*, by the 5th or 15th of the following month."

## CURRENT STATUS

**Plaintiffs' Position**

Since the parties last submitted their pretrial statement, there are several issues that arose. Some providers are reluctant to provide services to A.J.P. because the Court Order references a preschool setting. A.J.P. is now six years old.

Melanie Davis, A.J.P.'s service provider, has not been timely paid on a consistent basis. Ms. Davis reports she has to drop off her invoices on the 5th of each month in person and physically pick up her check in order to be paid by timely (by the 5th of the next month) under the *Pettis* Order. Recently, DCPS informed Ms. Davis that she cannot physically pick up her payment, even if the payment is late. This places a burden on Ms. Davis providing continuous service to A.J.P. This hard rule is not consistent with the *Pettis* Order.

As an independent contractor and sole proprietor, Ms. Davis finds it extremely difficult to provide service to A.J.P. when she is not paid on time. Ms. Davis has expressed her need to be paid within 15 days instead of the 30 days. If Ms. David is paid within 15 days, it would greatly assist her with providing continued service to AJP, especially due to the DCPS current payment cycle of the greater of 30 days. This Court's previous Order designated a similar 15 day payment schedule.

A.J.P. has several providers. A couple of providers are paid directly, under a contract with DCPS. Ms. Davis would like to receive payment in a similar relationship – via electronic payment.

In spite of the D.C.P.S. challenges A.J.P. is making progress in his tailor made educational program. A.J.P. is able to interact with normal peers each day and has shown progress socially. A.J.P. has made significant progress this school year, through continuity of services. A.J.P.'s progress is in jeopardy every time DCPS pays Ms. Davis late.

Plaintiff agrees that no administrative action has gone forward in this case.

The Court Order should not close this matter. There are still a couple of pending issues:

1. A.J.P. is not in preschool. The Court Order references a preschool setting;

2. A.J.P. needs clarity on a communication device, which he desperately needs. The Court Order and relevant A.J.P. documents reference an assisted technology/communication device for A.J.P. (there needs to be a discussion between DCPS and A.J.P. regarding what is appropriate for funding under this Court's Order);

3. Payment consistent with the *Pettis* Order or a 15 day payment cycle in lieu of the current 30 day cycle;

4. Evaluations that are required by DCPS under IDEA every 3 years.

This case should remain open until the next status. Hopefully, the parties can work through the funding issues, assisted technology/communication device for A.J.P. and funding current evaluations. I am confident the parties can work out the remaining issues.

**Defendants' Position**

There were some problems with vendor payments prior to January, 2007, because DCPS was unable to link the services provided by those vendors to A.J.P. To correct the

3

problem, the Office of the Chief Financial Officer ("OCFO") for DCPS was provided a copy of the Court's September 30, 2005 Order, as well as a list of the vendors submitted by Ms. Jackson. The vendors also received instructions, per the Petties Order, on how to properly submit their invoices. All vendor payments are now being mailed directly from the Treasury; thus, DCPS will no longer be able to hold vendor checks for pick-up. This change was made by the District's Chief Financial Officer. DCPS has no control over this policy.

DCPS' records show that AJP currently has two vendors who are providing services for him: Melanie Davis, who provides specialized instruction and acts as a dedicated aide, and Marcy Berger, who provides occupational therapy services. Both vendors are being timely paid. *See* Def. Exhibit I, Vendor Transaction Inquiry for Melanie Davis showing payments from November, 2007 through May, 2008, and Def. Exhibit II, Vendor Transaction Inquiry for Marcy Berger showing payments from October, 2007 through May, 2008. In addition, there are no pending administrative actions for A.J.P.

Since A.J.P.'s vendors are being paid, and Ms. Jackson reports that A.J.P. is being home schooled and is progressing academically, Defendants believe it is appropriate that this action be closed at this time.

    Respectfully submitted,

    PETER J. NICKELS
    Interim Attorney General for the
      District of Columbia

GEORGE C. VALENTINE  
Deputy Attorney General  
Civil Litigation Division  

*/s/ Edward P. Taptich*_____  
EDWARD P. TAPTICH (012914)  
Section Chief  
Equity Section Two  

*/s/ Veronica A. Porter*_____  
VERONICA A. PORTER (412273)  
Assistant Attorney General  
Civil Litigation Division  
Equity Section Two  
441 Fourth Street, N.W., Sixth Floor South  
Washington, D.C.  20001  
(202) 724-6651 (phone)  
(202) 727-3625 (facsimile)  
veronica2.porter@dc.gov  
**ATTORNEYS FOR DEFENDANTS**

*/s/ Leslie T. Jackson*  
LESLIE T. JACKSON  
235 Oglethorpe Street, N.W.  
Washington, D.C.  20011  
**PLAINTIFF PRO SE**

**June 10, 2008**