UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BETTY LASTER, et al.,

    Plaintiffs

    v.                                  Civ. Action No. 05-1875 (RMU)

DISTRICT OF COLUMBIA, et al.,

    Defendants.

## PLAINTIFF STATUS REPORT

Pursuant to the Court's June 20, 2008 Minute Order, Plaintiff Leslie Jackson, who is representing herself and her son, A.J.P., pro se respectfully submit this Status Report.[1]

## FACTUAL BACKGROUND

On September 30, 2005, this Court ordered Defendants to "fund all related services and supplemental aids on the plaintiff A.J.P's April 9, 2004 Transition Plan and August 12, 2004 IEP, including speech therapy, occupational therapy, assistive technology, sign language instruction, behavioral management services and a full-time, one-on-one dedicated aide, until the plaintiff's administrative due process complaint is decided and any appeal therefrom is concluded." Initially, providers were to be paid within 15 days of receipt of their invoice. However, the Court modified this Order on October 10, 2006, allowing vendor payments to be made in accordance with the Petties Order. Under this order, "service providers for A.J.P. submit invoices for services rendered by the 5th

RECEIVED
JUL - 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

[1] Plaintiffs Betty Laster, T.L., Chanda Alston, and C.A., together with Defendants filed a Stipulation of Dismissal on April 23, 2007.

or 15th of the month following the month in which services were provided...defendants pay the invoices on or before the 30th day, *i.e.*, by the 5th or 15th of the following month."

## **CURRENT STATUS**

Plaintiff engaged the services of Pieces of the Puzzle in January 2007 to provide behavioral services for A.J.P. Pieces of the Puzzle reported in as late as October 2007 that it had not been paid and received a dispute letter from Gregory Hall of DCPS. DCPS disputed the behavioral services ordered by this court. Unfortunately, A.J.P. does not have a behavioral provider currently because providers are reluctant to provide services without understanding the Court Order in relationship to DCPS's dispute powers.

Plaintiff would like A.J.P. to receive an electronic/technology based communication device. A.J.P. is not verbal. Plaintiff believes assisted technology includes such devices, in accordance with industry standards. Assisted technology is clearly ordered in this Court's Order. Given DCPS's track record of dispute and payment under this Court's Order, without clearly understanding the DCPS dispute parameters in relationship to the Court's Order, A.J.P. is unable to secure a much needed mode of communication with society and the world.

Melanie Davis, provides teacher aide and special instruction services to A.J.P. on a weekly basis. Ms. Davis submits the same invoice every week. Currently, the District of Columbia Public Schools ("DCPS") rejected one of Ms. Davis' invoices. The invoice has not been resolved. Billing issues are constant issues with DCPS and ongoing. Plaintiff's reluctance with closing the case stems from the billing issues primarily.

Plaintiff respectfully requests that the Court clarify the role of DCPS in relationship to the Court's Order with respect to services identified in the Court Order

2

and in A.J.P.'s I.E.P. and Transition Plans. Plaintiff may entertain a motion regarding payment under the <u>Petties</u> order.

Respectfully submitted,

_____
LESLIE T. JACKSON
235 Oglethorpe Street, N.W.
Washington, D.C. 20011
**PLAINTIFF PRO SE**

## Certificate of Service

    I hereby certify that a copy of the foregoing Opposition to Motion to Dismiss, Memorandum of Points and Authorities, Order and Plaintiff Status Report, was mailed to Veronica Porter, Esquire at 441 Fourth Street, N.W., Sixth Floor, Washington, D.C. 20001 via U.S. mail this 2nd day of July 2008.

                                                   Leslie T. Jackson