UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BETTY LASTER, et al., : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 05-1875 (RMU) |
| DISTRICT OF COLUMBIA, et al., : | |
| Defendants. : | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
### FOR CONTEMPT ORDER AND SANCTIONS

Defendants, through counsel, respectfully oppose Plaintiffs'[1] Motion for Contempt Order and Sanctions ("Motion") filed herein August 29, 2008. In their Motion, Plaintiffs allege that Defendants are in contempt of the Court's September 26, 2005, September 30, 2005, and October 10, 2006, Orders. Plaintiffs ask the Court to sanction Defendants by setting aside the Court's October 10, 2006, Order, and to pay the providers' out of pocket costs and expenses "associated with Defendant's disputes and untimely payments." Motion, p. 1.

### FACTUAL BACKGROUND

On September 22, 2005, Plaintiffs filed a motion for temporary restraining order alleging that Defendants violated the "stay put" provision of the Individuals with Disabilities Education Act, 20 U.S.C. §1415(j). On September 26, 2005, this Court granted Plaintiffs' motion and ordered the parties to confer face-to-face to discuss AJP's

---

[1] Plaintiffs Betty Laster, T.L., Chanda Alston, and C.A., together with Defendants filed a Stipulation of Dismissal on April 23, 2007. The remaining Plaintiffs are Leslie Jackson, and her son, AJP.

placement pending the administrative process. In compliance with the Court's Order, the parties met on September 29, 2005.

On September 30, 2005, the Court issued an Order that Defendants "fund all related services and supplemental aids on the plaintiff A.J.P's April 9, 2004 Transition Plan and August 12, 2004 IEP, including speech therapy, occupational therapy, assistive technology, sign language instruction, behavioral management services and a full-time, one-on-one dedicated aide, until the plaintiff's administrative due process complaint is decided and any appeal therefrom is concluded." The service providers were to be chosen by Leslie Jackson, mother of AJP, at the pre-school of Ms. Jackson's choice. The service providers were to be paid within 15 days of receipt of each provider's weekly invoice.

On October 10, 2006, the Court modified its September 30, 2005, Order, enabling Defendants to pay AJP's providers in accordance with Judge Friedman's November 8, 2004, "Order Regarding Payment for Services to Class Members," in Petties, et al., v. District of Columbia, CA No. 95-0148. Pursuant to this Court's October 10, 2006, Order, AJP's providers are to submit invoices "for services rendered by the 5th or 15 of the month following the month in which services were provided," and Defendants are to pay the invoices "on or before the 30th day, i.e., by the 5th or 15th of the following month."

**ARGUMENT**

This Court's September 26, 2005, Order required the parties to meet face to face to discuss AJP's placement. Defendants complied with that order when they met in Judge Ricardo Urbina's chambers on September 29, 2005. Accordingly, Plaintiffs' Motion with respect to the Court's September 26, 2005 Order must be denied as moot.

2

**The October 10, 2006, Order**

Although Plaintiffs state that Defendants have violated the Court's October 10, 2006, Order, they do not provide evidence to support this claim. Rather, Plaintiffs assert that the Petties Order is in "conflict with the letter and spirit" of the Court's September 30, 2005, Order, is "not relevant to this case," and that this case "is not appropriate for governance" under Petties. Motion, p. 4. It appears that Plaintiffs ask the Court to set aside its October 10, 2006, Order not because Defendants have violated the Order, but because Plaintiffs are unhappy with the Petties dispute procedures.

Petties class members have been defined as all District of Columbia Public Schools ("DCPS") students "…receiving special education and/or related services from a private third party provider, and all students who currently are receiving related services from private providers…" *See* Petties v. District of Columbia, 881 F.Supp. 63, 64 (D.C.Cir. 1995). Since AJP is a DCPS student who receives related services from private third party providers, he is a member of the Petties class. Therefore, Plaintiffs' assertions that Petties is "not relevant" and is "not appropriate" to this case are without merit.

The Petties Order established specific procedures for paying providers who provide related services to class members. The Order also outlined procedures that must be followed by both DCPS and a provider should a dispute regarding invoice payments arise. *See* November 8, 2004 Order Regarding Payment for Services to Class Members, attached as Exhibit 1.

The Petties Order provides that DCPS has the right to dispute any charge submitted on an invoice. If DCPS disputes a charge, DCPS must provide a written

dispute notice *to the provider* within 20 days after the dispute was received.  Id., Part V.a.  If the provider disagrees with the amount disputed by DCPS, the provider must submit, in writing, reasons for its objection to the disputed amount within 14 days following receipt of a dispute notice.  Id., Part V.b.  If DCPS continues to dispute the amount after receiving a provider's written objection and documentation, DCPS must issue a written rejection of the claim within 10 days.  The written rejection will serve as the final administrative decision.  Id., Part V.c and d.  If the provider is not satisfied with DCPS' final decision, the provider may file an appeal with the Office of the Special Master.  Id., Part VI.

      Plaintiffs have attached numerous Exhibits to their Motion to support their claims that Defendants are in contempt of the Court's Orders.  Nevertheless, most of these exhibits are not helpful.  Several of the exhibits are unreadable because they are too dark—see, for example, parts of Exhibit C.  Many of the other exhibits have been included without purpose, context and explanation—see, for example, Exhibit D, an email from Lovaas Institute that references a past due invoice, but does not show when the invoice was submitted, to whom the invoice was submitted, whether the invoice was disputed by DCPS and whether Lovass provided a written objection to the disputed invoice.  Additionally, many of the invoices are old and have already been paid—see, for example, Exhibits N and R (invoices of Laurine Kennedy), and Exhibit P, which shows that Ms. Kennedy was paid in January, 2007.

      Several of Plaintiffs' Exhibits illustrate that Defendants have followed the Petties procedures.  See, for example, Plaintiffs' Exhibit C, DCPS' August 4, 2008 Dispute Letter issued because the provider had not provided documentation that APJ was owed

extended school year services; Exhibit J, DCPS' March 25, 2008 Dispute Letter issued because the provider had incorrectly totaled the amount owed; and Exhibit K, November 26, 2007 Dispute Letter issued because Plaintiff had not enrolled AJP in school.

The Court should note that Plaintiffs have not included copies of the providers' written objections and documentation to DCPS' dispute letters. Indeed, DCPS has *never* received written objections to the dispute letters from *any* of AJP's providers.

Plaintiffs apparently believe that Defendants are in contempt of the Court's Orders simply because they have disputed some of the provider's invoices, an exercise of Defendants' rights under the Petties Order. If AJP's providers are dissatisfied with Defendants' final administrative decisions regarding their invoices, they should file an appeal to the proper forum—the Office of the Special Master.

## **CONCLUSION**

Plaintiffs' Motion is without merit. Accordingly, for the foregoing reasons, Plaintiffs' Motion must be denied.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the
   District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

5

                                        */s/ Veronica A. Porter*  
                                        VERONICA A. PORTER (412273)  
                                        Assistant Attorney General  
                                        Civil Litigation Division  
                                        Equity Section Two  
                                        441 Fourth Street, N.W., Sixth Floor South  
                                        Washington, D.C.  20001  
                                        (202) 724-6651 (phone)  
                                        (202) 727-3625 (facsimile)  
                                        veronica2.porter@dc.gov

**September 12, 2008**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY LASTER, et al.,** : | |
| : | |
| **Plaintiffs** : | |
| : | |
| v. : | Civ. Action No. 05-1875 (RMU) |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

**ORDER**

Upon consideration of Plaintiff's Motion for Contempt Order and Sanctions, Defendants' Opposition thereto, and the record, it is this _____ day of _____, 2008:

**ORDERED**, That Plaintiff's Motion for Contempt Order and Sanctions is DENIED.

_____
UNITED STATES DISTRICT JUDGE