UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BETTY LASTER, *et al.*,

   *Plaintiffs*,

   v.

DISTRICT OF COLUMBIA, *et al.*

   *Defendants*.

Civil Action No.: 05-1875 (RMU)

Document No.: 14

### PLAINTIFF A.J.P. REPLY TO DEFENDANTS OPPOSITION TO MOTION TO COMPEL AND FOR SANCTIONS

Defendants' opposition to Plaintiff A.J.P. Motion to Compel and for Sanctions asserts only a defense that service provider Melanie Davis did not respond to Greg Hall's dispute letter in time. Davis did not respond because she believed the matter would be addressed in court. The settlement conference in this case was scheduled one day before the response was due. The Court rescheduled the conference and Davis subsequently responded to Mr. Hall. The matter was addressed in the subsequent settlement conference. Defendants were provided with A.J.P.'s extended school year documents. Defendants refused to settle. Davis is not obligated to participate in an administrative process if, based on notice or otherwise from Defendants, participation would prove fruitless. Davis is entitled to address her claim and issue with this Court, under the circumstances.

Defendants make no mention in its opposition that Mr. Hall's dispute lacks merit. Defendants were provided a copy of A.J.P.'s extended school year document that is a part of his 2004 I.E.P. and this Court's September 30, 2005 Order. Further, Defendants were provided with its own signed document acknowledging that A.J.P. is entitled to extended

1

school year services. Defendants fail to mention that Davis and other service provider invoices for service submitted during the extended school year ending in summer 2006 and in summer 2007 were paid and were not disputed by Defendants. Because the services were paid by Defendants in school year 2006 through 2007, Plaintiff A.J.P. had a right to reasonably rely that Defendants would pay A.J.P.'s extended school year services in school year 2007 through 2008. Defendants did not notify Plaintiff A.J.P. nor did it notify Davis prior to the school year ending in 2008 that it would not pay Davis' invoice and would dispute her invoices for extended school year services in 2008. Defendants claim lacks merit.

Defendants neglected to mention that it neither paid nor disputed the LOVAAS Institute invoice for service provided to A.J.P. in January 2007 in accordance with this Court's September 30, 2005 Order. The LOVAAS bill was resubmitted on August 13, 2007 via certified mail to Defendants and remains unpaid to date. Defendants have no excuse and do not assert an excuse for failure to pay the LOVAAS invoice. Defendants intend to frustrate the purpose of this Court's September 30, 2005 Order by wielding dispute letters for unsubstantiated reasons at any moment.

Defendants' actions prohibit A.J.P. from having continuity of education and rights articulated under this Court's September 30, 2005 Order. Plaintiff A.J.P. pleads with the Court to set aside the October 10, 2006 Order setting payment under the *Petties* Order as only one of this Court's ordered sanctions.

Respectfully submitted,

_____
Leslie T. Jackson, pro se
235 Oglethorpe Street, N.W.
Washington, D.C. 20011
(202) 368-8608

## Certificate of Service

    I, Leslie T. Jackson, do hereby certify that a copy of the foregoing was sent by U.S. mail this 16th day of September 2008 to: Veronica Porter, 441 Fourth Street, N.W., Suite 630, Washington, D.C. 20001.

_____
Leslie T. Jackson